People of the State of Illinois, Plaintiff-Appellee, v. Ronald Bauer (Impleaded), Defendant-Appellant.

Gen. No. 68–141.

Second District.

July 24, 1969.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and John C. Tower, Assistant State's Attorney, of Rockford, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant appealed from a judgment of conviction of aggravated kidnapping entered upon his plea of guilty, and sentence of not less than ten nor more than twenty-five years in the penitentiary. Together with three other persons, he had been indicted in two counts for the offenses of rape and aggravated kidnapping. On arraignment, pleas of not guilty were entered to both counts; thereafter, the plea of not guilty was withdrawn to the second count of the indictment which charged aggravated kidnapping, and a plea of guilty was entered. The first count charging rape was subsequently nolle prossed.

The defendant contends that the indictment does not state an offense; that the trial court accepted the plea of guilty without adequately explaining to him the nature of the charges and the possible consequences of his plea of guilty; that the procedures followed at the hearings on probation and in aggravation and mitigation

were improper; that in giving identical sentences to all of the defendants, the court did not exercise discretion; and that the punishment was excessive.

The second count of the indictment charged aggravated kidnapping in the language of section 10–2(a)(3) of the Criminal Code. (Ill Rev Stats 1967, c 38, par 10–2 (a)(3).) The defendant contends that this count did not set forth the nature of the force or the place from and to which the victim was carried, nor did it define the element of "another felony"—which in this case was the crime of rape—, and that, therefore, the indictment was fatally defective. We find this contention without merit.

 An indictment, which charges an offense in the terms of the statute, is sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he is charged. An indictment must adequately inform the defendant of the nature and elements of the charge made against him. The indictment here meets this test. People v. Ross, 41 Ill2d 445, 448, 449, 244 NE2d 608 (1968); People v. Patrick, 38 Ill2d 255, 258, 230 NE2d 843 (1967).

The fact that the elements of the crime of rape were not set forth in detail in the second count did not render the indictment insufficient. We find no requirement in law that the elements of "another felony" be defined in an indictment charging aggravated kidnapping; and, even if there were such a requirement, it was adequately satisfied by Count I of the indictment, which set forth the elements of the offense of rape in the words of the statute defining that offense.

 The defendant here does not contend that he did not understand the charge to which he pleaded guilty, but rather, takes the position that the court erred in not more fully explaining to him the offense charged and the possible consequences of a guilty plea. The same

issue of inadequate admonishment was brought before this court by a codefendant, and we there found, on the same record which is now before us, that the codefendant was adequately admonished as to the consequences of a guilty plea, and that the court's explanation of the nature of the charges and the possible penalties which might be imposed, was sufficient. For the reasons expressed in People v. Carter, 107 Ill App2d 474, 477, 478, 246 NE2d 320 (1969), we hold the trial court committed no reversible error in its admonishment to the defendant.

As in People v. Carter, supra, it is here argued that the court made its decision to deny probation partially on the basis of prior arrests rather than upon convictions, and that the court was thereby influenced in determining the sentence. On the facts of the record before us, we find this contention without basis and adopt the language and reasoning of People v. Carter, supra, 478 and 479, with reference to this issue.

The defendant also contends that a prior juvenile commitment was improperly considered at the hearings on probation and in aggravation and mitigation. We agree that, generally, this type of evidence may not properly be considered at such hearings. People v. Crable, 80 Ill App2d 243, 250, 225 NE2d 76 (1967). However, section 2–9(2) of the Juvenile Court Act (Ill Rev Stats 1967, c 37, par 702–(9) (2)) excepts from the general rule any one who has been adjudicated to be a delinquent minor under section 2–2 of the Act (Ill Rev Stats 1967, c 37, par 702–2)), and who is subsequently convicted of a crime in any court, and permits the court in which the conviction has been entered to have access to such records in connection with hearings on probation and in aggravation and mitigation. In this case, section 2–2 was not urged as a justification for the reference to the prior juvenile commitment contained in the probation officer's report. However, the juvenile records were not

214

before the court, and the record here shows that the trial court placed no reliance on such commitment in denying probation or in passing sentence. Thus, this case is unlike Crable.

The only prior record of the defendant which appears in the testimony at such hearings was that he was on probation for armed robbery. Under these circumstances, the inclusion of a juvenile commitment in the probation officer's report, which report was in the possession of the court, is not deemed reversible error.

The remaining contentions of error with reference to sentencing are not substantial. The record does not indicate that the trial court failed to exercise discretion in sentencing each defendant to a similar term, or that the sentence was manifestly excessive. We adopt the language and reasoning of People v. Carter, supra, 479, on these issues.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.