(No. 40743.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MELVIN CHATMAN, Appellant.

*Opinion filed January 23, 1974.*

234

WARD, J., took no part.

William B. Moran, of Northbrook, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Kenneth L. Gillis and Lee T. Hettinger, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In 1965, the defendant, Melvin Chatman, pleaded guilty in the circuit court of Cook County to three indictments covering three separate incidents, and was sentenced to imprisonment of not less than seven nor more than thirteen years on each indictment, the sentences to run concurrently. His post-conviction petition was dismissed on motion of the prosecution without an evidentiary hearing, and he appealed to this court.

Two of the three indictments charged robbery with a knife. The third contained three counts that arose out of a single incident: (1) attempt robbery, (2) attempt murder, and (3) aggravated battery. The defendant contends that his conviction for attempted robbery should be set aside because his plea of guilty was induced by the error of the trial judge, before whom he pleaded guilty, in stating that the maximum sentence for that offense was 20 years, whereas the statutory maximum was 14 years. As has been stated, the maximum sentence actually imposed was 13 years. The following proceedings took place upon the defendant's change of plea:

"MR. JOHN T. DUFFY, Assistant Public Defender: May it please the court, in indictment 65—964, which charges attempt robbery, and 65—965 and 966, which are robbery with a knife, in all three indictments Melvin Chatman at this time wishes to withdraw his pleas of not guilty heretofore entered and enter pleas of guilty as charged in said indictments, is that correct, Melvin Chatman?

THE DEFENDANT: Yes.

MR. DUFFY: You do that freely and voluntarily, that is what you want to do, plead guilty, is that right?

THE DEFENDANT: Yes.

THE COURT: Melvin Chatman, on these three charges which are pending here before me this morning, do you understand that you have a right to be tried by a jury on each of these charges if you so desire?

THE DEFENDANT: Yes, sir, your Honor.

THE COURT: Do you know that by entering pleas of guilty to these three indictments that you are thereby waiving and doing away with your right of trial by jury in all cases?

THE DEFENDANT: Yes.

THE COURT: I wish to advise you that on your plea of guilty to the two indictments charging you with the crime of robbery, that on your pleas of guilty to those two indictments the court could sentence you to the Illinois State Penitentiary to a minimum term of not less than one year and to a maximum term of any number of years over one year.

And on your plea of guilty to the charge of attempted robbery in indictment 65—964, I wish to advise you that on your plea of guilty to that charge the court could sentence you to the Illinois State Penitentiary to a minimum term of not less than one year and to a maximum term of not more than twenty years.

Now being so advised, by the court as to the consequences of your pleas of guilty in each of these three indictments do you still persist in pleading guilty to all three offenses?

THE DEFENDANT: Yes.

THE COURT: Enter the pleas of guilty in each indictment, Mr. Clerk."

The post-conviction petition stated that "prior to the

entry of his plea of guilty in this cause [defendant] was of the opinion that notwithstanding the fact that he was innocent, that nevertheless the State had sufficient legal evidence to possibly convince a jury to convict him of the offense of attempt robbery as charged in indictment 65—964, but that the State was without sufficient legal evidence to convince a jury to convict him for any of the other offenses charged in the remaining indictments," that "fearing the possible imposition of a 20 year sentence" for attempted robbery, he "decided that it would be to his best interest to enter a plea of guilty and throw himself on the mercy of the trial judge," that he reasoned that it "would be wise for him to plead guilty to the remaining indictments in order not to antagonize the trial judge," and that, had he known at the time "that the maximum penalty for the offense of attempt robbery was 14 years and not 20 years he would not have entered a plea of guilty thereto but would have submitted the indictment to a jury."

On appeal the defendant's argument implies that he was prejudiced in that (1) if the sentencing judge had realized that the maximum for the offense of attempted robbery was 14 years rather than 20 years, he might have imposed a lesser sentence than he actually did, or, alternatively, (2) the judge's admonition regarding the possible maximum sentence somehow had a coercive effect upon him. We find neither of these contentions persuasive.

We have held that "the remarks and advice of the court must be read in a practical and realistic manner," and that "[t]he essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule." (*People v. Doyle* (1960), 20 Ill.2d 163, 166-67.) Here, the sentencing judge, in admonishing petitioner, mentioned only one count of the three-count indictment, but he advised the defendant that the possible maximum was 20 years, which was the maximum on the attempted-

murder count. If the possibility of a 20-year maximum sentence had not been mentioned, and such a sentence had been imposed, the defendant might have had a grievance. The present situation, however, resembles that involved in *People v. Marshall* (1961), 23 Ill.2d 216. There the defendant was charged with robbery and armed robbery in a two-count indictment. The permissible range of sentence for robbery was 1 to 20 years, and for armed robbery 1 year to life. The trial court, failing to mention the two counts and the two ranges, had simply admonished: " 'In indictment 58–636 you are charged with robbery. The penalty may be from 1 year to life in the State Penitentiary, do you understand that?' " This court said: "We cannot see how the defendant could be prejudiced by this statement, since the indictment was sufficiently identified and he was advised of the maximum penalty under the indictment." (23 Ill.2d at 219.) It is difficult to distinguish the two-count indictment in *Marshall* from the three-count indictment involved in the present case.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.