THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD BAUER, Defendant-Appellant.

(No. 72-245;

Second District—February 4, 1974.

Ralph Ruebner, Deputy Defender, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from a post-conviction hearing. The record discloses that the evidence adduced at the post-conviction hearing pertained primarily to the contention of the defendant that his privately retained counsel had advised him that upon a plea of guilty to aggravated kidnapping he would receive a sentence of 7-15 years. His attorney testified and denied categorically any such statement was ever made to defendant. Post-conviction relief was denied.

In the appeal now before us the defendant has raised two issues not

raised at the post-conviction hearing. The first is that he was not adequately admonished upon his plea of guilty as to the maximum sentence that might be imposed under Illinois Supreme Court Rule 401 (b) (Ill. Rev. Stat. 1971, ch. 110A, par. 401 (b)); and secondly, that at the original hearing on the entry of the plea of guilty the court did not determine the voluntariness of the plea.

The defendant, together with three other men, was indicted for the offenses of rape and aggravated kidnapping. The four men were represented by privately retained counsel and entered pleas of not guilty. Subsequently, pleas of guilty were entered to the charge of aggravated kidnapping and the other count charging rape was nolle prossed. The defendant was sentenced to a term in the State penitentiary of 10-25 years. It is to be noted that inasmuch as defendant was on probation for armed robbery at the time of the instant offense, his probation was revoked at the time of sentencing, and he was sentenced to a term of 2-10 years for the armed robbery, to be served concurrently.

■■ The defendant herein originally appealed and the conviction was affirmed by this court in *People v. Bauer* (1969), 111 Ill.App.2d 211, 249 N.E.2d 859. In that case the defendant contended that the court erred in not explaining the possible consequences of his guilty plea. We stated, "The same issue of inadequate admonishment was brought before this court by a codefendant, and we there found, on the same record which is now before us, that the codefendant was adequately admonished as to the consequences of a guilty plea, and that the court's explanation of * * * the possible penalties which might be imposed was sufficient." Defendant appealed to the Supreme Court of the United States from this decision and certiorari was denied. (397 U.S. 1022, 25 L.Ed.2d 531, 90 S.Ct. 1260.) At first blush, it would appear that the issue now raised in this court, although not raised in the post-conviction hearing, was res judicata. However, defendant contends that our prior decision in the original case was rendered prior to *People v. Terry* (1969), 44 Ill.2d 38, 253 N.E.2d 383, which was pending in the Illinois Supreme Court at the time of the opinion of this court. We do not find that *Terry*, however, is controlling in any way. In *Terry*, the trial court stated that the punishment for burglary was an indeterminate sentence in the penitentiary and that the minimum sentence was not less than one year. The Illinois Supreme Court held that this was not a sufficient admonition. In further support of this contention, defendant has quoted the following from a decision of this court: *People v. Ehrler* (1972), 8 Ill. App.3d 912, 915, 290 N.E.2d 406, where we stated: "While the use of the word 'indeterminate' in explaining a maximum sentence without more is insufficient * * *." Counsel however, fails to cite the remainder of

the sentence, "the use of the term when it is further explained (here, by stating the maximum penalty of 'death' coupled with the statement of the minimum term 'of 14 years') does not require reversal." Examination of the record herein discloses that the admonishment as to the minimum and maximum sentence was clear and concise and not subject to misinterpretation. The court stated upon the acceptance of the plea of the defendant "and on your plea of guilty the court might sentence you to the penitentiary for a period of years not less than one or the maximum number of years to be fixed by the court." The court then went on to mention that he could fix the sentence from one year to an indeterminate number of years. This court is unable to see how the defendant could possibly be misled as to the possible penalty where the court stated the minimum and the maximum. (See *People v. Carter* (1969), 107 Ill.App.2d 474, 477, 478, 246 N.E.2d 320; *People v. Chatman*, 56 Ill.2d 233, 306 N.E.2d 874.) The contention of the defendant raised for the first time in this court as to this issue, is without merit.

■■ The defendant herein failed to raise the question of the voluntariness of the plea in the trial court, in the direct appeal, certiorari to the Supreme Court having been denied, he failed to raise the issue in the post-conviction proceeding, and for the first time has raised this question in this court. The Illinois Supreme Court in *People v. James* (1970), 46 Ill.2d 71, 74, 263 N.E.2d 5, stated:

> "We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes res judicata all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived. [Citations.] While we have relaxed the operation of the waiver rule in cases where fundamental fairness so requires [citation], we see no reason to do so here, where the defendant has had a full opportunity to present the matter to an appellate tribunal but has nonetheless failed to do so and now seeks at this late date to raise the contention for the first time in this post-conviction proceeding."

There is nothing in the post-conviction record before us that requires a relaxation of that rule on the basis of fundamental fairness, in this, the fourth review of defendant's trial and conviction. Judgment affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.