(No. 50157.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. THOMAS LUTZ, Appellee.

*Opinion filed October 6, 1978.*

William J. Scott, Attorney General, of Springfield
(Donald B. Mackay, Melbourne A. Noel, Jr., and Stuart W.
Opdycke, Assistant Attorneys General of Chicago, of
counsel), for the People.

Richard J. Wilson, Deputy Defender and Barbara A.
Chasnoff, Assistant Defender, of the Office of the State
Appellate Defender, of Springfield, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion
of the court:

In a jury trial in the circuit court of Vermilion County
defendant, Thomas Lutz, was convicted of the offense of
aggravated battery. The appellate court, with one judge
dissenting, reversed (52 Ill. App. 3d 732), and we allowed
the People's petition for leave to appeal. The appellate
court held that the indictment failed to charge the offense
of aggravated battery and that in denying defendant's

motion in arrest of judgment, the circuit court had erred.

The indictment contained two counts. In count I it was charged that defendant "committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification in committing a battery on Dan Wilson use a deadly weapon, to-wit: a firearm, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 12–4(b)(1) ***." Count II charged that defendant "committed the offense of AGGRAVATED BATTERY, in that he did knowingly and without legal justification, in committing a battery on Dan Wilson, then and there knew Dan Wilson, the individual harmed, to be a peace officer engaged in the execution of official duties, in violation of Illinois Revised Statutes, 1973, Chapter 38, Section 12–4(b)(6) ***."

The statutes in pertinent part provided:

"Sec. 12–3. Battery.

(a) A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1973, ch. 38, par. 12–3(a).

"Sec. 12–4. Aggravated Battery.

(a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.

(b) A person who, in committing a battery either:

(1) Uses a deadly weapon; [or]
* * *

(6) Knows the individual harmed to be a peace officer, or a person summoned and directed by him, or a correctional officer, while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;
* * *

(9) *** commits aggravated battery ***." Ill. Rev. Stat. 1973, ch. 38, par. 12–4.

The People contend that the appellate court erred in reversing the judgment for the reason that "a defendant who contests the validity of the indictment for the first time in a motion for arrest of judgment must demonstrate that defects foreclosed him from understanding the nature of the charges and preparing a defense thereto, or that the indictment was insufficient to stand as a bar to a subsequent prosecution for the same offense." They argue that "the unspoken rationale of *Pujoue*" (*People v. Pujoue* (1975), 61 Ill. 2d 335) should be applied here for the reason that there was "no articulable prejudice" and that the indictment should not fail "for want of technical niceties."

The Code of Criminal Procedure of 1963 provides:

"Sec. 116–2. Motion in Arrest of Judgment.

(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty. Reasonable notice of the motion shall be served upon the State.

(b) The court shall grant the motion when:

(1) The indictment, information or complaint does not charge an offense, or

(2) The court is without jurisdiction of the cause." Ill. Rev. Stat. 1973, ch. 38, par. 116–2.

Historically, a motion in arrest of judgment "opened the entire record, and would reach any defect apparent upon its face." (*Gardner v. People* (1841), 4 Ill. (3 Scam.) 83, 90; *People v. Plocar* (1952), 411 Ill. 141, 145.) In *People v. Gilmore* (1976), 63 Ill. 2d 23, the court pointed out that of the 10 grounds enumerated in section 114–1(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114–1(a)) upon which an indictment, information or complaint may be dismissed upon allowance of a motion to dismiss made prior to trial, only two (pars. 114–1(a)(6), (8)) would support a motion in arrest of judgment. The court said:

"The legislative intent concerning the nonwaiver of the grounds for dismissal in sections 114—1(a)(6) and 114—1(a)(8) clearly was that even though not raised by pretrial motion they could be raised by motion in arrest of judgment. To that end section 116—2 of the Code of Criminal Procedure provides that following a verdict or finding of guilty judgment may be arrested when:

'(1) The indictment, information or complaint does not charge an offense, or
(2) The court is without jurisdiction of the cause.' "

(63 Ill. 2d 23, 28.)

As the court observed in *Gilmore,* "No similar statutory provision was made for nonwaiver at the appellate level" (63 Ill. 2d 23, 28), and we decline the invitation of the People to extend the *Pujoue* rule to include defects in the indictment pointed out in a timely filed motion in arrest of judgment.

Having concluded that the question was timely raised by defendant's motion in arrest of judgment we consider next the contentions concerning the sufficiency of the indictment. Citing *People v. Mills* (1968), 40 Ill. 2d 4, the People contend that the language of the statute contained in the indictment sufficiently particularized the offense so that defendant was informed with reasonable certainty of the precise crime with which he was charged. It is defendant's position that the indictment failed to charge the necessary elements of the offense of aggravated battery as required by section 111—3(a)(3) of the Code of Criminal Procedure.

In *People v. Gilmore* the court said:
"The form of a charge, insofar as is relevant here, is prescribed in section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)), which provides:

'Sec. 111—3. Form of Charge.

(a) A charge shall be in writing and allege the commission of an offense by:

(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged; ***.'

The precise allegations required, however, may vary with the statutory provisions and the nature of the offense. *People v. Wallace,* 57 Ill. 2d 285; *People v. Mahle,* 57 Ill. 2d 279; *People v. Aud,* 52 Ill. 2d 368; *Cochran v. People,* 175 Ill. 28." 63 Ill. 2d 23, 29.

As the court observed in *People v. Patrick* (1967), 38 Ill. 2d 255, "An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged." (38 Ill. 2d 255, 258.) In *People v. Abrams* (1971), 48 Ill. 2d 446, it was held that a complaint which failed to charge either that the physical contact was of an insulting or provoking nature or caused bodily harm did not allege all the material facts constituting the offense of battery.

Although count I contains the language of section 12—4(b)(1) of the Criminal Code it fails to charge the offense of aggravated battery in the manner required by section 111—3(a) of the Code of Criminal Procedure. The situation presented is clearly distinguishable from an indictment purporting to charge the "inchoate offenses" of attempt or conspiracy. (See *People v. Williams* (1972), 52 Ill. 2d 455, 460.) Conviction for the offenses of attempt and conspiracy require proof only of the specific intent and the acts taken in furtherance thereof and do not require proof of the essential elements of the substantive

offense. In contrast, in order to convict under the provisions of section 12–4(b)(1), it was essential to prove all the elements of section 12–3(a), including one of the alternative methods of committing the offense, and in addition thereto that defendant used a deadly weapon. The rationale of *People v. Abrams* requires that we hold count I of the indictment to be defective and that the circuit court erred in denying defendant's motion in arrest of judgment.

Count II purports to charge the violation of section 12–4(b)(6) of the Criminal Code. Section 12–4(b) enumerates nine situations in which the offense of battery, a Class A misdemeanor, is transformed into aggravated battery, a Class 3 felony. In six of the subparagraphs, conviction of the more serious offense requires proof that the defendant "knows the individual harmed" to be one of the persons enumerated in the statute. See Ill. Rev. Stat. 1973, ch. 38, pars. 12–4(b)(3), (4), (5), (6), (7), (9).

"It is a cardinal rule of statutory construction that significance and effect should, if possible, without destroying the sense or effect of the law, be accorded every paragraph, sentence, phrase and word. (50 Am. Jur. sec. 358.) A statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous. *Peacock v. Judges Retirement System*, 10 Ill. 2d 498, 501; *Consumers Co. v. Industrial Com.*, 364 Ill. 145." (*People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 364-65.) "In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute they will be given a generally accepted and consistent meaning, where the legislative intent is not clearly expressed to the contrary." (*Moran v. Katsinas* (1959), 16 Ill. 2d 169, 174.) "By well settled principles of law, a criminal or penal statute is to be strictly construed in favor of an accused, and nothing is to be taken by intendment or implication against him beyond

the obvious or literal meaning of such statutes. (*People v. Kirkrand*, 397 Ill. 588; *People v. Lund*, 382 Ill. 213.)" *People v. Eagle Food Centers, Inc.* (1964), 31 Ill. 2d 535, 539.

Applying the foregoing rules of statutory construction, we hold that count II of the indictment, purporting to charge aggravated battery under section 12–4(b)(6), in failing to charge that the alleged battery caused "bodily harm" to the police officer, failed to charge the nature and elements of the offense as required by section 111–3(a)(3) of the Code of Criminal Procedure.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*