THE VILLAGE OF MORTON, Plaintiff-Appellant, *v.* CHARLES R. THOMAS, Defendant-Appellee.

Third District   No. 81—729

Opinion filed July 28, 1982.

Thomas E. Davies, of Elliff, Keyser, Oberle & Davies, P. C., of Morton, for appellant.

Patrick A. Tuite and Timothy D. Kosnoff, both of Law Offices of Patrick A. Tuite, Ltd., of Chicago, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Village of Morton, filed five complaints charging defendant, Charles R. Thomas, with violations of its adult use ordinance. After a consolidated hearing, the circuit court of Tazewell County dismissed the complaints. The sole issue presented for our review is whether defendant was "doing business" at the time the ordinance took effect.

In June 1981, defendant negotiated the purchase of the Morton Cinema Corporation and on July 1, 1981, took possession of its theater. Defendant immediately began repairing equipment and splicing two films, *Super Vixen* and *Up*. He concluded his preparations around midnight when he placed advertisements of the films' next day opening on the theater's outdoor pylon. When defendant returned the next day, he discovered his landlord had changed the locks on the theater. On July 6, 1981, the landlord was enjoined from his lockout, and plaintiff adopted the ordinance at bar. Two days later, defendant began showing his features.

The question at bar arises from the following provision:

"Any adult use doing business at the time this Ordinance takes effect shall have thirty (30) days from the effective date of this Ordinance to apply for the issuance of an adult use license." (Morton, Ill., Municipal Code, tit. 3, sec. 3—21—3(F) (1981).)

The trial court found defendant was "doing business" when the ordinance took effect on July 6, 1981. As the charged violations all took place in July, they were dismissed.

The phrase "doing business" has been the subject of many judicial interpretations, the majority of which consider the term only in a ju-

risdictional context. (See *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 327, 368 N.E.2d 88, 91.) As Judge Learned Hand stated, "It is quite impossible to establish any rule from the decided cases; we must step from tuft to tuft across the morass." (*Hutchinson v. Chase & Gilbert, Inc.* (2d Cir. 1930), 45 F.2d 139, 142, cited in *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 327, 368 N.E.2d 88, 91.) In construing laws regarding licenses and permits, two general rules provide guidance. The first is that the performance of a single transaction, or even a number of isolated transactions, will not generally fall within the purview of a law requiring a license. (See, *e.g.*, *O'Neill v. Sinclair* (1894), 153 Ill. 525, 530-31; see 25 Ill. L. & Prac. *Licenses and Occupation and Privilege Taxes* sec. 41 (1956); 51 Am. Jur.2d *Licenses and Permits* sec. 2 (1970); Annot., 93 A.L.R.2d 90, 94-97 (1964).) The second is an exception to the first rule. If the intent to permanently engage in a business is established by other material circumstances surrounding the performance of a single or isolated transaction, such may constitute "doing business." See 51 Am. Jur.2d *Licenses and Permits* sec. 2 (1970); Annot., 93 A.L.R.2d 90, 97-99 (1964).

While these rules have generally arisen from decisions considering whether a license was required, they are nonetheless helpful. In the case at bar, defendant had purchased a corporation, rented and occupied a theater, repaired equipment, spliced his first two features, and set out display advertising. The theater would have opened July 2, 1981, but for the wrongful action of defendant's landlord. Defendant testified that his intention was to exhibit adult fare if it was economically feasible, and this intention was manifested in the showing of nine such films during the relevant period.

An additional factor before the trial court was the penal nature of the ordinance. Violation of any provision is a misdemeanor punishable by a fine of up to $500 and/or up to six months' imprisonment. It is well settled that penal statutes are to be strictly construed in favor of an accused. *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171.

Given these factors, we cannot say the trial court abused its discretion in dismissing the complaints. Neither the fact that no adult movie was shown until after the effective date of the ordinance nor the fact that defendant began showing other features after his arrest and the seizure of his adult films is dispositive of this cause. Whether one views defendant's transactions before July 6, 1981, as coupled with the intent to permanently engage in the business, or adopts the broader definition of "engaging in activities in pursuit of gain" (Black's Law Dictionary 569 (4th ed. 1951), the court's finding that

defendant was "doing business" is supported by the evidence.

Accordingly, the order of the circuit court of Tazewell County dismissing the complaints is affirmed.

Affirmed.

BARRY, P. J., and HEIPLE, J., concur.