THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SCOTT A. WISSLEAD, Defendant-Appellant.

Third District   No. 3—83—0744

Opinion filed August 24, 1984.

Daniel P. Nagan, of Barash, Stoerzbach & Henson, of Galesburg, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Scott Wisslead, was convicted of unlawful restraint,

aggravated assault and simple assault (Ill. Rev. Stat. 1981, ch. 38, pars. 10—3, 12—2 and 12—1, respectively) following a jury trial in the circuit court of McDonough County. The court sentenced defendant to concurrent terms of probation of 30 months for unlawful restraint and one year each for aggravated assault and simple assault.

In this appeal, defendant challenges the sufficiency of the information charging him with unlawful restraint; contends that the unlawful restraint statute is unconstitutional; and argues that his convictions for assault and aggravated assault must be vacated as lesser included offenses. The State concedes that assault under section 12—1 of the Criminal Code of 1961 is by definition a lesser included offense of aggravated assault under section 12—2 (see Ill. Rev. Stat. 1981, ch. 38, par. 2—9(a)) and that defendant's conviction for simple assault must, therefore, be vacated under the rule of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838. Accordingly, we vacate the assault conviction under section 12—1 and consider the remaining disputed issues before us.

The defendant was charged on April 1, 1981, by a two-count information alleging in count I armed violence predicated on unlawful restraint, and in count II, unlawful restraint. Count I was dismissed by the circuit court on grounds that it was unconstitutional as applied. The dismissal was upheld by the supreme court in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, and the case was remanded to the circuit court for trial on the remaining count.

In count II, the information alleged that on March 31, 1981, the defendant:

> "*[K]nowingly without legal authority, detained* Nancy Rutledge Wisslead, and did then and there, thereby, commit the offense of UNLAWFUL RESTRAINT, in violation of Chapter 38, Section 10—3(a) of the Illinois Revised Statutes." (Emphasis added.)

The italicized language mirrors the wording of section 10—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 10—3).

The defendant argues that the information is insufficient to sustain his conviction because it fails to set forth "the nature and elements of the offense charged" (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a)(3)). Where, as here, the statute allegedly violated is framed in generic language, defendant continues, a complaint merely reciting the statutory definition will fail if its language does not apprise the defendant of the precise offense with which he is charged. In support of his position, defendant urges that we consider *People v. Hayes* (1979), 75 Ill. App. 3d 822, 394 N.E.2d 80 (complaint framed in lan-

guage of reckless-conduct statute (Ill. Rev. Stat. 1977, ch. 38, par. 12—5) held insufficient), and *People v. Lyda* (1975), 27 Ill. App. 3d 906, 327 N.E.2d 494 (indictment framed in words of obstructing-justice statute (Ill. Rev. Stat. 1971, ch. 38, par. 31—4(a)) held insufficient). While the defendant can point to no reported Illinois cases considering the unlawful-restraint statute in this context, he asks that we analogize the generic nature of the statutory definitions of the offenses considered in *Hayes* and *Lyda* to the statutory definition set forth in section 10—3.

The State, acknowledging that there are no reported Illinois cases directly on point, contends that the statutory language, "knowingly without legal authority detains another," sufficiently particularizes the offense so as to apprise the defendant of the precise conduct which allegedly was in violation of the unlawful restraint statute. The State asks us to analogize the information in this case to the instrument upheld as sufficient to charge aggravated kidnaping in *People v. Bauer* (1969), 111 Ill. App. 2d 211, 249 N.E.2d 859.

■ Having duly considered the issue presented and the precedents cited by both parties, we find the information fatally defective. The defendant challenged the sufficiency of the information in the trial court via a motion in arrest of judgment. Accordingly, our analysis of this issue, as the parties agree, is guided by the "strict adherence" rule of *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171, rather than the more liberal standard of review applicable to challenges raised for the first time on appeal. (See *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437; *People v. Deal* (1979), 69 Ill. App. 3d 74, 387 N.E.2d 21.) Moreover, as observed by Justice Goldenhersh in *Lutz*, the strict adherence rule requires that a charging instrument provide greater detail to support a conviction for a choate offense, such as unlawful restraint, than for an inchoate offense, such as attempt or conspiracy.

The narrow question before us is whether count II of the information charging unlawful restraint is sufficiently particularized as to strictly conform with the statutory requirement of section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 111—3(a)(3)), which mandates that the instrument set forth the "nature and elements" of the offense. "Significance and effect should *** be accorded every *** phrase and word" of a statute, and "[a] statute should be so construed *** that no word *** is rendered meaningless or superfluous." (*People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171, 174.) These principles of statutory construction require us to give meaning and effect to both "nature" and

"elements" as they are used in section 111—3(a)(3). As we see it, the "elements" of unlawful restraint are adequately set forth in the information since they have been lifted directly from the statutory definition of unlawful restraint. Were we to hold, as the State suggests, that the information therefore meets the statutory requirement of setting forth "nature and elements" of the offense, we would render superfluous or meaningless the words "nature" and "and." The "strict adherence" rule of *Lutz* (recently reaffirmed in *People v. Smith* (1984), 99 Ill. 2d 467, 459 N.E.2d 1357) precludes such a result. By failing to describe with particularity any specific act or conduct by the defendant which "detained" the victim, the information fails to set forth the "nature" of this defendant's alleged commission of the offense of unlawful restraint. Consequently, the defendant's motion in arrest of judgment should have been granted with respect to that offense.

The defendant has also attacked the unlawful restraint statute on constitutional bases. However, since his conviction of that offense is being reversed, we do not reach the constitutional issues.

■■ ■ Finally, defendant contends that his conviction of aggravated assault must be reversed because aggravated assault is a lesser included offense of unlawful restraint and the conviction was obtained on the basis of the invalid charge of unlawful restraint. The State, on the other hand, argues: (1) that aggravated assault is not by definition a lesser included offense of unlawful restraint since all of the elements of one offense are not included in the other; (2) that the defendant should not be permitted to introduce error into the trial by tendering a jury instruction on a lesser degree offense—in this case, aggravated assault, a Class A misdemeanor—based upon evidence of an inherently related greater degree offense—in this case, unlawful restraint, a Class 4 felony—and then attacking his conviction of the lesser offense on grounds that the charging instrument was defective for the greater degree offense; and (3) that the defendant, in any event, has waived the issue by failing to provide a verbatim transcript of trial proceedings to support his contention that the State relied upon the same act(s) in proving the two offenses.

For the reasons suggested by the State, defendant's arguments concerning his conviction of aggravated assault fail to persuade. In effect, the defendant is asking us to extend our holding in *People v. Dace* (1983), 114 Ill. App. 3d 908, 449 N.E.2d 1031 (appeal docketed, No. 58643, cons. with 58658), so as to equate the concept of "inherently related" offenses to that of "lesser included" offenses. We decline to do so precisely to avoid the type of mischief that the second

prong of defendant's argument exposes.

While we have no quarrel with affording the defendant his right to effectively defend himself at trial by instructing the jury on inherently related lesser degree offenses supported by the evidence (*People v. Dace* (1983), 114 Ill. App. 3d 908, 449 N.E.2d 1031), neither the issue presented in *Dace* nor our reasoning therein mandate that the "lesser included" doctrine be thereby subsumed by the broader "inherent relationship" analysis applied in *Dace*. Our holding in *Dace* finds its constitutional underpinnings in a defendant's right to stand convicted of an offense only if the State produces proof of each element beyond a reasonable doubt. By giving a defense-tendered jury instruction on inherently related, lesser-degree offenses, the defendant stands to derive the full benefit of the reasonable-doubt standard; but, at the same time, he runs the risk inherent in giving the jury a "third option" in addition to the conviction/acquittal decision to be made on the charged offense.

In the instant case, in addition to the State-tendered instruction on unlawful restraint (Illinois Pattern Jury Instructions (IPI), Criminal, Nos. 8.06 through 8.07 (2d ed. 1981)), the defendant tendered jury instructions on aggravated assault, simple assault and battery (IPI Criminal Nos. 11.01 through 11.06 (2d ed. 1981)). The jury found the defendant guilty of unlawful restraint, assault, and aggravated assault. The jury acquitted the defendant of battery. Although the defendant argues that his convictions of aggravated assault and unlawful restraint were both carved from the same act, we cannot agree. The record on appeal consists of the common law record alone. Without a transcript of the trial proceedings, we must presume that the trial court correctly concluded that the defendant's convictions of unlawful restraint and aggravated assault did not violate the rule in *King*. As the State correctly asserts, one offense is not, by definition, a lesser included offense of the other.

Obviously, the defendant cannot complain of lack of notice of a charge against him which he has introduced into his own trial through jury instructions. Since, as we have earlier determined, the defendant's convictions of simple assault and unlawful restraint are vacated, the defendant cannot claim prejudice for multiple convictions and sentences. Under these circumstances, we find no constitutional infirmity in affirming the defendant's aggravated assault conviction and sentence, even though count II of the information—unlawful restraint—the only count remaining at the time of defendant's trial—was legally insufficient to sustain a conviction for that offense.

For the foregoing reasons, we reverse and vacate the defendant's

convictions and sentences for unlawful restraint and assault, and we affirm the defendant's conviction of aggravated assault. A resentencing hearing is not necessary, since there is no indication that the sentencing judge may have been influenced by the vacated convictions in determining the punishment for aggravated assault.

Reversed in part; vacated in part; affirmed in part.

HEIPLE and SCOTT, JJ., concur.