108 Ill.2d 389 (1985)
484 N.E.2d 1081
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v.
SCOTT WISSLEAD, Appellee.
No. 60863.
Supreme Court of Illinois.
Opinion filed October 18, 1985.
*390 *391 *392 Neil F. Hartigan, Attorney General, of Springfield, and John R. Clerkin, State's Attorney, of Macomb (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and James E. Fitzgerald, Assistant Attorneys General, of Chicago, and John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.
Daniel P. Nagan, of Barash, Stoerzbach & Henson, of Galesburg, for appellee.
Appellate court affirmed in part and reversed in part; circuit court affirmed in part and vacated in part.
JUSTICE MORAN delivered the opinion of the court:
Defendant, Scott Wisslead, convicted by a jury in McDonough *393 County for unlawful restraint, aggravated assault, and assault, was sentenced to consecutive probationary terms. On appeal, the appellate court affirmed defendant's conviction for aggravated assault but vacated the assault conviction as a lesser included offense. (The State conceded that it was error to sentence the defendant for assault.) The appellate court also reversed defendant's unlawful-restraint conviction, holding that the information charging unlawful restraint did not sufficiently specify the nature of the offense charged. (126 Ill. App.3d 1078, 1081.) Having arrived at this conclusion, the court did not reach defendant's constitutional challenges to the unlawful-restraint statute itself. The State was allowed leave to appeal to this court.
The State raises one issue on appeal: (1) Does the information sufficiently specify the nature of the offense charged? The defendant raises two additional issues: (1) Is the unlawful-restraint statute unconstitutionally vague? and (2) Does the unlawful-restraint statute provide for an irrational penalty in violation of the Illinois Constitution?
Count I of the original information, charging armed violence, was dismissed by the trial court, and the dismissal was upheld by this court in People v. Wisslead (1983), 94 Ill.2d 190. The cause was remanded, and defendant was tried and convicted on count II of the information, which alleged that defendant "knowingly without legal authority, detained Nancy Rutlege Wisslead, and did then and there, thereby, commit the offense of UNLAWFUL RESTRAINT, in violation of chapter 38, Section 10-3(a) of the Illinois Revised Statutes." This charge paralleled the language of the unlawful-restraint statute, which defines the offense as follows: "A person commits the offense of unlawful restraint when he knowingly without legal authority detains another." Ill. Rev. Stat. 1983, ch. 38, par. 10-3(a).
*394 Defendant challenged the sufficiency of the information in a post-trial motion in arrest of judgment. He therefore need not show actual prejudice but may obtain relief if the information does not strictly adhere to the statutory and constitutional requirements. People v. Lutz (1978), 73 Ill.2d 204, 209-10.
Both the United States and the Illinois constitutions grant criminal defendants the right to be informed of "the nature and cause" of the accusations against them. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8.) Section 111-3 of the Code of Criminal Procedure of 1963 mirrors this constitutional principle, requiring, inter alia, that a charging instrument set forth "the nature and elements of the offense charged." Ill. Rev. Stat. 1983, ch. 38, par. 111-3(a)(3).
Statutes such as section 111-3 should be construed, if possible, so that no word is rendered meaningless or superfluous. (People v. Lutz (1978), 73 Ill.2d 204, 212.) It follows, therefore, that the "nature" and the "elements" of an offense are distinguishable concepts, both of which must be set forth in a charging instrument. This does not mean, however, that the language of the substantive criminal statute involved can only serve to set forth the "elements" of an offense. The language of the statute can serve to apprise the defendant of both the nature and the elements of the offense, so long as the statutory language specifies, with reasonable certainty, the type of conduct being alleged. People v. Hockaday (1982), 93 Ill.2d 279, 282; People v. Banks (1979), 75 Ill.2d 383, 392; People v. Dickerson (1975), 61 Ill.2d 580, 582; People v. Grieco (1970), 44 Ill.2d 407, 409-10, cert. denied (1970), 400 U.S. 825, 27 L.Ed.2d 54, 91 S.Ct. 49.
There are, however, situations where the statutory language does not sufficiently particularize the offense. For example, in People v. Heard (1970), 47 Ill.2d 501, *395 the charge recited, in the statutory language, an entire list of possible gambling offenses, without specifying which of the many possible acts the defendant allegedly committed. This court held that the linking of several distinct offenses in the disjunctive made the complaint invalid. 47 Ill.2d 501, 504-05.
Going one step further is People v. Griffin (1967), 36 Ill.2d 430, in which the complaint alleged that the defendant "did * * * drive his vehicle with a willful and wanton disregard for the safety of persons or property." (36 Ill.2d 430, 431.) Although this language does not give a specific list of alternative offenses, the court found the complaint to be insufficient because the statutory language did not specify any particular conduct, but was merely a legal standard which could apply to a whole range of distinct and disparate conduct. The defendant could not tell from the complaint whether he was charged with "`driving while intoxicated, or running through a stop-light, or driving at an excessive speed or without brakes, lights or horn; he may have been driving on the wrong side of the road or on the sidewalk, or without keeping proper lookout for children, or any one of dozens of things which might constitute wilful and wanton disregard for the safety of persons or property.'" 36 Ill.2d 430, 432, quoting People v. Green (1938), 368 Ill. 242, 254-55.
In several other cases this court has held invalid charging instruments which left room for wide speculation as to the type of conduct being alleged. For example, in People v. Peters (1957), 10 Ill.2d 577, 578, the court invalidated an information which alleged that a nonattorney had "represent[ed] himself as authorized to practice law," without giving any indication of the conduct which allegedly caused such a misrepresentation. Similarly, in People v. Chiafreddo (1942), 381 Ill. 214, 216-17, the information charged that the defendants engaged *396 in acts which "directly tend to render the said [child] a dependent and neglected child," as well as charging the defendants with a failure to give their child "proper parental care and guardianship." This court invalidated the information because it gave no indication as to what acts and omissions led to the legal conclusions set forth. See also People v. Hayes (1979), 75 Ill. App.3d 822, 823 (invalidated complaint which alleged that defendant "performed recklessly certain acts which caused bodily harm to or endangered the bodily safety of [another]").
In addition, some crimes have been held to be so fact-specific that certain elements of the offense must be set forth in exact detail. For example, in People v. Aud (1972), 52 Ill.2d 368, this court held that a perjury indictment must include the words which were alleged to be perjurious, while People v. Lyda (1975), 27 Ill. App.3d 906, held that an indictment charging obstruction of justice by destroying evidence must specify what evidence has allegedly been destroyed.
None of the above cases, however, provides a rationale with which to invalidate the information in the present case. The offense of unlawful restraint does not involve specific statements or objects such as are involved in perjury or destruction of evidence. Nor does the statutory language involved  "knowingly without legal authority detains another"  leave room for wide speculation as to the nature of the conduct alleged. This case is much closer to People v. Grieco (1970), 44 Ill.2d 407, in which this court upheld an indictment couched in the terms of the battery statute, even though the indictment did not specify the means by which the battery was committed. (See also People v. Hockaday (1982), 93 Ill.2d 279 (upheld information in language of forgery statute); People v. Banks (1979), 75 Ill.2d 383 (upheld indictment in language of robbery statute); People v. *397 Ross (1968), 41 Ill.2d 445, cert. denied (1969), 395 U.S. 920, 23 L.Ed.2d 237, 89 S.Ct. 1771 (upheld indictment in language of arson statute); People v. Patrick (1967), 38 Ill.2d 255 (upheld indictment in language of theft statute); People v. Bauer (1969), 111 Ill. App.2d 211, cert. denied (1970), 397 U.S. 1022, 25 L.Ed.2d 531, 90 S.Ct. 1260 (upheld indictment in language of aggravated-kidnaping statute).) So long as the statutory language used describes specific conduct then there is no need for the charge to specify the exact means by which the conduct was carried out. If the defendant desires additional specificity, he or she can move for a bill of particulars pursuant to section 111-6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 111-6 (although a bill of particulars cannot cure an otherwise void charge (People v. Aud (1972), 52 Ill.2d 368, 370))).
The defendant challenges the unlawful-restraint statute as being unconstitutionally vague and overly broad. The latter argument cannot be decided by this court because the defendant has not included in the appeal record a trial transcript or any other record of the factual basis under which he was convicted. Statutes enjoy a presumption of constitutionality (People v. Caffrey (1983), 97 Ill.2d 526, 530), and in the absence of facts demonstrating an unconstitutional application of the statute in this case the defendant may not challenge the statute on the ground that it might conceivably be applied unconstitutionally in some hypothetical case. Broadrick v. Oklahoma (1973), 413 U.S. 601, 610, 37 L.Ed.2d 830, 839, 93 S.Ct. 2908, 2915; People v. Caffrey (1983), 97 Ill.2d 526, 529.
Nor do we feel that the statute in question is so vague as to render it impossible for an ordinary citizen to discern what conduct is prohibited by the statute. The statute uses language which is comprehensible and as *398 certain as the situation warrants. As this court stated in Caffrey, "the United States and Illinois constitutions do not require impossible levels of specificity in penal statutes, but only that the statute convey sufficiently definite warnings that can be understood when measured by common understanding and practices [citation]." (People v. Caffrey (1983), 97 Ill.2d 526, 530.) The legislature need not "`* * * particularize all of the myriad kinds of conduct that may fall within the statute. * * *'" (97 Ill.2d 526, 532, quoting People v. Raby (1968), 40 Ill.2d 392, 396, cert. denied (1969), 393 U.S. 1083, 21 L.Ed.2d 776, 89 S.Ct. 867.) The statute in question informs the public that they may not "knowingly without legal authority detain[] another." (Ill. Rev. Stat. 1983, ch. 38, par. 10-3(a).) To "detain another" is commonly understood to mean causing a restriction of another's freedom to move about. The statute makes plain that only "legal authority" can justify the detention of another, such as when the detainee consents to the detention or when the detainer is a law-enforcement officer properly acting in the course of his or her duties. This language is not so vague that "the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact" (People v. Pembrock (1976), 62 Ill.2d 317, 322), and the fact that there may be a degree of uncertainty in some borderline case does not render the statute unconstitutional in this case (People v. Caffrey (1983), 97 Ill.2d 526, 531). The defendant does not suggest that the statute is unclear as applied to his case, and we will therefore not conjecture as to the statute's clarity in remote situations. People v. Vandiver (1971), 51 Ill.2d 525, 530.
Defendant also argues that the classification of unlawful restraint as a Class 4 felony (Ill. Rev. Stat. 1983, ch. 38, par. 10-3(b)) violates the mandate in the Illinois Constitution that "[a]ll penalties shall be determined * * * according to the seriousness of the offense." (Ill. Const. *399 1970, art. I, sec. 11.) This court, however, has been generally reluctant to invalidate penalties prescribed by the legislature, recognizing that the legislature has the power to define criminal conduct and determine the appropriate punishment. (People v. Steppan (1985), 105 Ill.2d 310, 319; People v. Taylor (1984), 102 Ill.2d 201, 205.) Legislative classifications are presumed valid (People v. Taylor (1984), 102 Ill.2d 201, 205), and therefore the court will invalidate a penalty only when it is clearly irrational. For example, in People v. Bradley (1980), 79 Ill.2d 410, the legislature had clearly indicated that it considered delivery of a controlled substance to be a more serious crime than mere possession of such a substance. This court, therefore, invalidated a penalty provision which made possession a Class 3 felony while delivery was only a Class 4 felony. (79 Ill.2d 410, 418.) Similarly, in People v. Wagner (1982), 89 Ill.2d 308, 313, the court concluded from the legislative scheme that it was "not logical to believe that the legislature intended to punish one who delivers a noncontrolled substance more severely than one who delivers a controlled substance," and therefore invalidated provisions which imposed a greater penalty for delivery of substances misrepresented to be controlled substances than the penalty for delivery of actual contraband. Finally, in an earlier appeal in the present case (People v. Wisslead (1983), 94 Ill.2d 190), this court held that the presence of a gun cannot enhance unlawful restraint to armed violence because unlawful restraint is a lesser included offense of kidnaping. Kidnaping enhanced with a weapon is aggravated kidnaping, a Class 1 felony, and the court therefore reasoned that it was irrational for the same weapon to enhance unlawful restraint into the greater Class X offense of armed violence. 94 Ill.2d 190, 196.
Defendant claims that the penalties for unlawful restraint are irrational because unlawful restraint is a less *400 serious offense than aggravated assault, a Class A misdemeanor. (See Ill. Rev. Stat. 1983, ch. 38, par. 12-2(b).) He cannot, however, support this assertion with any authority other than the observation that false imprisonment, the forerunner of the unlawful-restraint offense, was once held to be a form of aggravated assault. (See People v. Cohoon (1942), 315 Ill. App. 259.) This earlier classification of offenses is no longer in effect, and as the two offenses are currently defined unlawful restraint is neither a form of aggravated assault nor a lesser included offense. Moreover, aggravated assault is concerned with threatened bodily harm, whereas unlawful restraint is concerned with the actual restriction of another's freedom to move about. Because the statutes have different purposes it is presumed that the legislature considered different factors in enacting each penalty provision. (People v. Steppan (1985), 105 Ill.2d 310, 321.) We cannot say that it is clearly irrational for the legislature to prescribe greater penalties for unlawful restraint than for aggravated assault, and we therefore hold that the designation of unlawful restraint as a Class 4 felony was a valid exercise of the legislative power.
In summary, we reverse the appellate court's ruling on the unlawful-restraint conviction, holding that the information in this case sufficiently apprised the defendant of the offense charged. That part of the appellate court's ruling which was not raised on this appeal  upholding defendant's aggravated-assault conviction and vacating his conviction for assault  is affirmed. We also uphold the constitutionality of the unlawful-restraint statute and the penalties provided for therein. Accordingly, we affirm the defendant's conviction for unlawful restraint and the sentence imposed for that offense.
Appellate court affirmed in part and reversed in part; circuit court affirmed in part and vacated in part.