THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY HUNT, Defendant-Appellant.

Second District No. 2—85—0848

Opinion filed December 24, 1986.

Thomas O. McCulloch, Assistant Public Defender, of Geneva and Mary Robinson, of Robinson & Skelnik, of Elgin, for appellant.

Philip L. DiMarzio, State's Attorney, of Sycamore (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

The defendant, Jeffrey Hunt, was charged with criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(2)). After a bench trial, the court found defendant not guilty of criminal sexual assault but guilty of unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—

3). The defendant was sentenced to probation for a period of 24 months, with 7 months of work release, and the conditions that he attend alcohol counseling sessions and make restitution in the amount of $2,300. Defendant appeals, contending that: (1) the trial court could not convict him of unlawful restraint since that offense is not a lesser included offense of criminal sexual assault; (2) he was not proved guilty beyond a reasonable doubt of unlawful restraint; and (3) the trial court improperly ordered him to make restitution in the amount of $2,300.

The complainant, a student at the Patricia Stevens Career College in Milwaukee, Wisconsin, attended a party in De Kalb, Illinois, on July 21, 1984. The complainant testified that she drank seven or eight beers and then passed out. She did not remember anything until she became aware of the defendant on top of her, with his penis in her vagina. She told the defendant to get off and leave her alone, which the defendant did. After the incident, complainant's roommate, who was also at the party, came into the bedroom where the complainant had been passed out. The two remained at the party for about one-half hour, during which time the complainant cried. The following day the complainant told her aunt what had occurred.

Tina Asher, also known as Tina Reingardt, testified that she and her roommate gave a party on July 21, 1984. She was, at that time, dating a relative of the defendant's. When the complainant approached her at the party and told her that she was going to be sick, Tina helped her to a bed and placed a garbage can near her. Tina checked on the complainant three times, and on the third time she told the complainant that she was welcome to stay there overnight. According to Tina, the complainant responded that she would check with her roommate before deciding.

Chris Mathey, another guest, testified that she had known the complainant for approximately five years, and on the night of the party, neither the complainant nor the defendant appeared intoxicated. At around 12:30 a.m., Chris and two others jumped on the bed where complainant lay, and tried to wake her up by calling her name. The complainant did not respond. One of the other people with Chris testified similarly as to these facts. Scott Harrington, who admitted that he was intoxicated, testified that between midnight and 1 a.m. he shook the complainant's leg and called her name, but she did not wake up.

Michelle Leiran, the complainant's roommate, testified that she and the complainant had had a couple of wine coolers that afternoon and that she saw her roommate drinking at the party. She noticed

that the complainant was laughing and staggering. Around 11 p.m. she went into the room where complainant lay and tried to rouse her by shaking her. Complainant did not respond. Michelle testified that the complainant was upset that night because a former boyfriend came to the party with another girl.

At approximately 1 a.m., when she opened the door to the bedroom to check on the complainant, Michelle saw the defendant, and it appeared to Michelle that he and the complainant were engaged in sexual intercourse. According to Michelle, she returned to the kitchen where she saw the defendant come by, and she asked him what he had been doing in the bedroom since she knew that complainant had passed out. She then returned to the bedroom. The complainant was crying, and Michelle helped her to put on her clothes. The complainant stated that she was scared and that she only remembered telling a guy to get off her and to leave her alone.

James Kayes, a De Kalb police officer, testified that the defendant gave several statements of what occurred on that night. In the first statement, the defendant stated that he had found the complainant awake. After talking, they began to kiss, and then they had intercourse. In the next statement, the defendant stated that the complainant was asleep at first, but woke up and talked prior to intercourse. Next, the defendant again told Kayes that complainant woke up and talked prior to intercourse; however, in the same statement, the defendant indicated that the complainant said nothing until she told him to leave her alone. Finally, in his last statement to the police, the defendant stated that the complainant appeared to be passed out, that he then started to kiss her, and he inserted his finger into her vagina. At that point, according to the defendant, the complainant moaned. Kayes asked the defendant if the complainant was drunk and unable to consent, and the defendant responded affirmatively. On Kayes' request, the defendant added a line to his statement to that effect.

The defendant testified that he found complainant on the bed and he rolled her over, waking her up. He kissed her, and she kissed him back, moving her hips to help him remove her pants. He inserted his fingers into her vagina, and she moaned. He then removed his own pants and underwear and penetrated her vagina with his penis. The complainant asked him to stop, and he did. According to the defendant, the complainant started to cry and told him that she was upset because an old boyfriend was at the party with another girl. The defendant testified that he could not tell if the complainant was intoxicated. He stated that he had had four or five beers at the party but was not intoxicated to the point where he did not know what was

happening.

The trial court found defendant not guilty of criminal sexual assault, stating that the State had failed to prove either that the complainant was unable to consent knowingly, or that the defendant knew that she was unable to give effective consent. The court then found the defendant guilty of unlawful restraint.

■ On appeal, defendant first contends that the trial court could not convict him of unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3) because it is not a lesser included offense of criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13.) A court may only convict a defendant of a lesser uncharged offense where all the elements of the lesser offense were necessary elements of the charged offense. (*People v. Lewis* (1980), 83 Ill. 2d 296, 300, 415 N.E.2d 319.) An included offense is established by proof of the same or less than all of the facts or a less culpable mental state (or both) than that which is required to establish the commission of the charged offense. Ill. Rev. Stat. 1985, ch. 38, par. 2—9(a).

■ Defendant was charged with criminal sexual assault specifically under section 12—13(a)(2), which requires that an accused has committed an act of sexual penetration, knowing that the victim was unable to understand the nature of the act or was unable to give knowing consent to such act. (Ill. Rev. Stat. 1985, ch. 38, par 12—13(a)(2).) Unlawful restraint occurs when a person knowingly and without legal authority detains another. (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a).) To "detain" commonly means to cause a restriction on another's freedom to move about. (*People v. Wisslead* (1985), 108 Ill. 2d 389, 398, 484 N.E.2d 1081.) Here, according to defendant, the only restriction shown to be imposed by him on complainant's freedom to move about is the admitted act of penetration. Defendant contends that the mere act of penetration is not a sufficient "detention" to constitute an unlawful restraint. The thrust of the defendant's argument is that proof of section 12—13(a)(2) sexual assault does not necessarily include all of the elements of unlawful restraint.

While the facts of this case raise a valid question regarding the scope of criminal sexual assault as set forth in section 12—13(a)(2), we do not find it necessary at this time to resolve that issue. The particular matter before us can be settled on alternative grounds which we believe to be effective regardless of whether or not unlawful restraint is a lesser included offense of section 12—13(a)(2) criminal sexual assault. Ill. Rev. Stat. 1985, ch. 38, par. 12—13(a)(2).

■ The defendant argues that he could not have been found guilty beyond a reasonable doubt of the offense of unlawful restraint

where the trial judge found that the State failed to prove that the complainant was unable to consent knowingly or that the defendant knew that the complainant was unable to give knowing consent. The argument is that if the defendant did not know that the complainant was unable to consent, and she was able to consent, he could hardly be found to have knowingly detained the complainant without legal authority. We must agree.

The statute prescribes that unlawful restraint is detention of another "without legal authority." (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a).) Here, the State failed to show that the defendant detained the complainant without such authority because it was unable to prove all of the elements of the criminal-sexual-assault charge. Without proof beyond a reasonable doubt that complainant was unable to give a knowing consent and that defendant knew she was not able to consent, there was no possibility of proving beyond a reasonable doubt that he knew he was detaining her without legal authority. In positive terms, if defendant thought the complainant was able to consent to an act of sexual penetration, and that she did knowingly consent, he could not be said to have knowingly and unlawfully detained her. Thus, even if unlawful restraint was considered to be a lesser included offense of section 12—13(a)(2) criminal sexual assault, in this case, the lesser offense was not proved beyond a reasonable doubt and defendant's conviction cannot be upheld.

In view of our disposition of this issue, we need not address defendant's third argument regarding whether the trial court improperly ordered him to make restitution. Accordingly, the finding of guilty entered against defendant by the circuit court of De Kalb County is reversed.

Reversed.

NASH, P.J., and UNVERZAGT, J., concur.