THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STEVEN L. JOHNSON, Defendant-Appellee.

Fifth District   No. 5—84—0418

Opinion filed March 12, 1985.

Neil F. Hartigan, Attorney General, of Springfield, and John R. Clemons, State's Attorney, of Murphysboro (Matthew M. Schneider, Assistant Attorney General, of counsel), for the People.

John Paul Womick & Associates, of Carbondale, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Appeal is taken from an order of the circuit court of Jackson County dismissing felony charges against defendant Steven L. Johnson. Defendant was charged by information with 16 counts of wilful failure to file tax returns as required by the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 452). Counts 1 through 3 charged Class B misdemeanors. Counts 4 through 16 charged Class 4 felonies.

On June 6, 1984, a preliminary hearing was held in the circuit court. Testimony at the hearing established that defendant was president of the Johnson Donut Corporation, and that this corporation operated the Mel-O-Cream Donut Shop in Carbondale. Agent Jack Taylor of the Illinois Department of Revenue testified that he met with defendant on March 18, 1983, after Agent Taylor discovered the apparent failure of the corporation to file tax returns from April 1982 through February 1983. According to Agent Taylor, defendant stated that the corporation's retail operation generated approximately $18,000 in sales each month, and admitted that tax returns had not been filed since April 1982. The reason purportedly given by defendant for the failure to file returns was that the corporation lacked sufficient funds to pay the tax. Agent Taylor also interviewed Mr. William Springer. Mr. Springer had prepared some retail tax returns for the corporation at different periods. Agent Taylor testified that Mr. Springer told him that he (Mr. Springer) had on numerous occasions advised defendant to file retail tax returns whether or not there were sufficient funds to pay the tax.

Mr. Michael Barthelme, an auditor for the Illinois Department of Revenue, testified that he had audited the books of the Johnson Donut Corporation. Mr. Barthelme stated that, although there was no record indicating the corporation had filed retail tax returns from July 1983 through January 1984, the taxable sales of the corporation resulted in a revenue obligation in excess of $300 for each of those months. Both Agent Taylor and Mr. Barthelme testified that all tax

returns actually filed by Johnson Donut Corporation were signed by defendant as president of the corporation.

On June 19, 1984, a hearing was held on defendant's motion to dismiss the charges against him. The court denied defendant's motion with regard to counts 1 through 3 of the amended information, but granted defendant's motion with regard to counts 4 through 16. The State appeals, contending that the court erroneously dismissed these 12 counts.

■ It is well established that officers, directors, or agents of a corporation may be criminally liable for acts performed by them on behalf of the corporation. (*People v. Floom* (1977), 52 Ill. App. 3d 971, 977, 368 N.E.2d 410.) This principle of accountability is explicitly set forth in section 5—5(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 5—5(a)):

> "A person is legally accountable for conduct which is an element of an offense and which, in the name of or in behalf of a corporation, he performs or causes to be performed, to the same extent as if the conduct were performed in his own name or behalf."

The trial court ruled, however, that the language of section 13 of the Retailers' Occupation Tax Act precluded defendant's criminal accountability by reason of defendant's status as a corporate officer. Following the reasoning of the trial court, defendant points to the fact that paragraphs 1 and 5 of section 13 specifically refer to corporate officers and agents, holding such individuals responsible for filing or signing fraudulent returns on the corporation's behalf. Defendant argues that the omission in paragraph 6 of any reference to officers or agents of a corporation evinces a legislative intent to refrain from imposing criminal liability upon such individuals for failing to file returns. On this assumption, defendant asserts that he, by reason of being a corporate officer, cannot be criminally liable under paragraph 6. We find the argument unpersuasive.

Paragraph 5 of section 13 reads as follows:

> "When the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who files, or causes to be filed, a fraudulent return, or any officer or agent of a corporation engaged in the business of selling tangible personal property at retail in this State who files or causes to be filed or signs or causes to be signed a fraudulent return filed on behalf of such corporation *** is guilty of a Class 4 felony." Ill. Rev. Stat. 1983, ch. 120, par. 452.

Criminal liability for the filing or signing of fraudulent returns is imposed upon "any person engaged in the business of selling tangible personal property at retail *** or any officer or agent of a corporation engaged in the business of selling tangible personal property" who acts on the corporation's behalf. "Person" is defined in section 1 of the Act as "any natural individual, firm, partnership, association, joint stock company, joint adventure, public or private corporation, or a receiver, executor, trustee, guardian or other representative appointed by order of any court." (Ill. Rev. Stat. 1983, ch. 120, par. 440.) Any of these entities, then, if engaged in the selling of tangible personal property, is criminally liable if it files or signs a tax return which it knows to be fraudulent. In addition to the entities subsumed under the definition of "person," paragraph 5 extends criminal liability to corporate officers and agents. This extension in no sense alters the definition of "person" provided in section 1; neither does it affect the scope of liability imposed by use of the term.

Paragraph 6 of section 13 reads as follows:

"When the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who fails to file a return *** is guilty of a Class 4 felony." Ill. Rev. Stat. 1983, ch. 120, par. 452.

Criminal liability for failing to file a return is imposed upon "any person engaged in the business of selling tangible personal property at retail." Any of the entities subsumed under the definition of "person" provided by section 1 of the Act are, then, criminally liable if they fail to file a return. Paragraph 6 does not extend criminal liability to corporate officers and agents. The fact that the legislature did not so extend criminal liability in paragraph 6 in no sense alters the definition of "person" provided in section 1; neither does it affect the scope of liability imposed by use of the term.

■■ Defendant in the instant case is a natural individual. In this capacity, defendant is a "person" for purposes of the Retailers' Occupation Tax Act. The information charging defendant alleged that defendant was a person engaged in the business of selling tangible personal property at retail and that he wilfully failed to file a tax return as required by law. The testimony before the trial court indicated that defendant was the person responsible for filing these returns. Thus, even if defendant is correct in asserting that he cannot be held criminally accountable in his capacity as a corporate officer, defendant is nonetheless subject to criminal liability in his capacity as a "person engaged in the business of selling tangible personal property at retail *** who fails to file a return ***." (Cf. People v. Floom (1977), 52 Ill.

App. 3d 971.) Defendant argues that, according to section 13, a natural individual who, in the ordinary course of business, is responsible for filing a corporation's retail tax returns is criminally liable if he is an officer who files a fraudulent return, but not criminally liable if he is an officer who fails to file a return. This assertion is supported neither by reason nor the language of the Act.

■■ Defendant also argues that section 13½ of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452½), holding corporate officers and employees personally liable for unpaid revenue when the corporation is unable to pay, precludes the imposition of criminal liability upon those same officers or employees. We disagree. Section 5 of the Act specifically states that "[t]he collection of tax or penalty or interest by any means provided for herein shall not be a bar to any prosecution under this Act." (Ill. Rev. Stat. 1983, ch. 120, par. 444.) Contrary to defendant's assertion, the language of the Act would indicate a legislative intent that the provisions of section 13½ not preclude criminal sanctions for corporate officers or employees pursuant to section 13.

For the foregoing reasons the order dismissing counts 4 through 16 of the State's amended information is vacated.

Order vacated.

JONES, P.J., and WELCH, J., concur.