THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. PARVIN, Defendant-Appellant.

Second District   No. 2—87—0090

Opinion filed December 18, 1987.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Terence M. Madsen and Joan G. Fickinger, Assistant Attorneys General, of Chicago, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Robert J. Parvin, was convicted in the circuit court of Winnebago County of 12 counts of failing to file monthly retailers' occupation tax (ROT) returns in violation of section 13 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1983, ch. 120, par. 452). He was sentenced for these Class 4 felonies to a 30-month term of probation conditioned upon the performance of 100 hours of community service work and payment of $16,245 in restitution. On appeal, defendant contends that his convictions must be reversed because corporate officers are not criminally liable under section 13 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452) for the failure of a corporation to file returns and that the trial court erred by refusing to grant his motion to dismiss the indictment. We agree.

The trial court found defendant guilty at the conclusion of a bench trial at which the only evidence was received by stipulation. The parties stipulated that between June 1983 and June 1984, defendant was the president and sole shareholder of Park Town Hall, Inc., a corporation which operated a saloon called Park Town Hall in Loves Park.

Park Town Hall engaged in the retail sale of food and beverages. Park Town Hall, Inc., was, therefore, required to file monthly returns under section 3 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 442), but failed to do so between June 1983 and June 1984. The corporation was in good standing during this time and possessed a valid ROT certificate of registration. Defendant was solely responsible for filing the ROT returns of Park Town Hall, Inc. For each of the months in question, the amount of tax due was more than $300.

Section 13 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452) states in relevant part as follows:

"When the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who fails to file a return or accepts money that is due to the Department under this Act from a taxpayer for the purpose of acting as the taxpayer's agent to make payment to the Department but fails to remit such payment to the Department when due, or who purports to make such payment but fails to do so because his check or other remittance fails to clear the bank or other depository against which it is drawn is guilty of a Class 4 felony."

Defendant notes that, by contrast, the preceding paragraph of section 13 specifically imposes criminal liability upon "any officer or agent of a corporation engaged in the business of selling tangible personal property at retail in this State who files or causes to be filed or signs or causes to be signed a fraudulent return filed on behalf of such corporation." (Ill. Rev. Stat. 1983, ch. 120, par. 452). Defendant argues that since the legislature did not mention corporate officers and agents in the paragraph concerning failure to file ROT returns, but specifically provided for criminal liability for corporate officers and agents with regard to fraudulent returns, the legislature did not intend corporate officers and agents to be criminally liable for the failure of a corporation to file ROT returns.

In *People v. Johnson* (1985), 131 Ill. App. 3d 803, the Appellate Court for the Fifth District rejected the above contention. The defendant in *Johnson* was the president of a corporation which operated a doughnut shop. The corporation failed to file ROT returns for a number of months, and defendant was convicted under section 13 of the Act. Affirming defendant's conviction, the court held that he was "a person engaged in the business of selling tangible personal property at retail" who had failed to file ROT returns and that he was, therefore, criminally liable under section 13. (131 Ill. App. 3d at 806.) The court also held that the defendant was criminally liable because

of the applicability of section 5—5(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 5—5(a)), which provides that individuals may be legally accountable under certain circumstances for conduct performed on behalf of or in the' name of a corporation (131 Ill. App. 3d at 806). In the instant case, defendant asserts that this court should decline to follow *Johnson*.

We must first decide whether defendant can be considered a "person engaged in the business of selling tangible personal property at retail in this State" and is liable on this basis for failure to file the corporation's ROT returns. The above language was also at issue in *People v. Floom* (1977), 52 Ill. App. 3d 971. In *Floom*, the defendants were corporate officers who refused to permit an Illinois Department of Revenue investigator to examine certain books and records. At the time *Floom* was decided, the first paragraph of section 13 of the Act provided that "[a]ny person engaged in the business of selling tangible personal property at retail in this State *** who wilfully violates any rule or regulation of the Department for the administration and enforcement of the provisions of this Act *** is guilty of a Class B misdemeanor." (Ill. Rev. Stat. 1977, ch. 120, par. 452.) Defendants argued that only the registered taxpayer, which was a corporate entity, could be held liable under this provision. The Appellate Court for the First Judicial District rejected this argument (*Floom*, 52 Ill. App. 3d at 976-77) and affirmed defendants' convictions.

■ We disagree with the conclusion of the court in *Floom* that officers and agents of the registered taxpayer corporation can be considered persons "engaged in the business of selling tangible personal property at retail" for purposes of the Act. Section 2 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 441) imposes a tax "upon persons engaged in the business of selling tangible personal property at retail" in the amount of 5% of gross sales receipts. Thus, under section 2 of the Act, any person engaged in the business of selling tangible personal property at retail must also be a taxpayer. Additionally, section 2a of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 441a) states that "[i]t shall be unlawful for any person to engage in the business of selling tangible personal property at retail in this State for more than 30 days without a certificate of registration from the Department." We believe it is clear from the language' of sections 2 and 2a of the Act (Ill. Rev. Stat. 1983, ch. 120, pars. 441, 441a) that registered taxpayers and persons "engaged in the business of selling personal property at retail in this State" are one and the same. Since there is no evidence that defendant was the registered taxpayer and the parties stipulated, to the contrary, that Park Town Hall, Inc., was the regis-

tered taxpayer, defendant cannot be considered a "person engaged in the business of selling tangible personal property at retail in this State" under the Act.

■ We must now consider whether defendant can be held criminally liable by virtue of section 5—5(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 5—5(a)), which concerns individual accountability for corporate conduct. Section 5—5(a) states as follows:

"A person is legally accountable for conduct which is an element of an offense and which, in the name or in behalf of a corporation, he performs or causes to be performed, to the same extent as if the conduct were performed in his own name or behalf." Ill. Rev. Stat. 1985, ch. 38, par. 5—5(a).

The relevant conduct in the instant case is defendant's failure, on behalf of the corporation, to file ROT returns. Under section 5—5(a) (Ill. Rev. Stat. 1985, ch. 38, par. 5—5(a)), defendant can only be held criminally liable "to the same extent as if the conduct were performed in his own name or behalf." Since we have determined that defendant is not a person engaged in the business of selling tangible personal property at retail for purposes of the Act, he could not be subject to any criminal liability for failure to file ROT returns in his own name or on his own behalf. Therefore, he is not criminally accountable under section 5—5(a) (Ill. Rev. Stat. 1985, ch. 38, par. 5—5(a)) for the failure of the corporation to file ROT returns.

■ We believe that the inclusion of specific language by the legislature in section 13 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 452) imposing criminal liability on corporate officers or agents with regard to fraudulent returns and the omission of this language from those portions of section 13 dealing with failure to file returns evince a legislative intent to refrain from imposing criminal liability upon corporate officers and agents for the failure of the corporation to file ROT returns. Furthermore, statutes should be construed so that no word or phrase is rendered superfluous or meaningless. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365; *People v. Wisslead* (1985), 108 Ill. 2d 389, 394.) If corporate officers and agents may be held criminally liable for the failure of the corporation to file ROT returns, even though there is no specific language in section 13 of the Act imposing such liability upon corporate officers and agents, then the language in section 13 specifically imposing such liability upon corporate officers and agents for fraudulent returns is rendered entirely superfluous. We will not interpret the statutory language in such a manner.

■ Penal statutes such as section 13 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452) must be strictly construed and may not be ex-

tended in their application to matters which do not, by the strictest construction, come under their provisions. (*People v. Mack* (1985), 133 Ill. App. 3d 788, 794.) We must, therefore, conclude that section 13 of the Act does not extend criminal liability to defendant as a corporate officer for the failure of Park Town Hall, Inc., to file ROT returns. We note, however, that section 13½ of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 452½) specifically imposes upon a corporate officer or employee who has the control, supervision or responsibility of filing ROT returns and who wilfully fails to file such returns a penalty equal to the total amount of tax unpaid by the corporation, including interest and penalties. This provision clearly provides the State with recourse against corporate officers and agents who wilfully fail to file ROT returns.

Accordingly, the judgment of the circuit court of Winnebago County is reversed.

Reversed.

LINDBERG, P.J., and INGLIS, J., concur.