(No. 66471.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT J. PARVIN, Appellee.

*Opinion filed December 6, 1988.*

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen, Joan G. Fickinger and Jack Donatelli, Assistant Attorneys General, of Chicago, of counsel), for the People.

Patrick B. Mathis and Kevin J. Richter, of Mathis, Marifian & Richter, Ltd., of Belleville, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Defendant, Robert J. Parvin, was convicted in the circuit court of Winnebago County of failing to file monthly retailers' occupation tax (ROT) returns in violation of section 13 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1983, ch. 120, par. 452). During the relevant time period, section 13 provided that the failure to file such returns is a Class 4 felony. Defendant was sentenced to a 30-month term of probation, conditioned on the payment of $16,245 in restitution and performance of 100 hours of community service work.

The appellate court reversed, holding that corporate officers cannot be held criminally liable under the relevant portion of section 13 of the Act. Accordingly, the court ruled that the trial court erred in denying defendant's motion to dismiss the indictment. (164 Ill. App. 3d 29.) This result conflicts with the appellate court decision in *People v. Johnson* (1985), 131 Ill. App. 3d 803. We allowed the State's petition for leave to appeal (107 Ill. 2d R. 315(a)) in order to resolve this conflict, and now affirm the judgment of the appellate court. To the extent that *Johnson* is inconsistent with our holding herein, it is overruled.

The sole issue on appeal is whether defendant could be held criminally liable under the Act for failure to file corporate retailers' occupation tax returns.

At a bench trial the parties stipulated to the following facts. Between June 1983 and June 1984, defendant was the president and sole shareholder of Park Town Hall, Inc., a corporation which operated a restaurant and lounge called Park Town Hall. Park Town Hall engaged in the business of selling food and beverages at retail. Therefore Park Town Hall, Inc., was required to file monthly ROT returns under section 3 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 442). The corporation failed to do so between June 1983 and June 1984. It was in good standing during this time and possessed a valid ROT certificate of registration. Defendant operated the business and was the corporate officer solely responsible for filing the ROT returns of Park Town Hall, Inc. For each of the months in question, the amount of tax due was more than $300. The trial court found defendant guilty of 12 counts of violating section 13 of the Act.

The sixth paragraph of section 13 of the Act, under which defendant was convicted, provides in relevant part:

> "When the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who fails to file a return *** is guilty of a Class 4 felony." (Ill. Rev. Stat. 1983, ch. 120, par. 452.)

The appellate court found that defendant was not a "person engaged in the business of selling tangible personal property at retail in this State" and therefore he could not be held criminally liable. The court also rejected the State's contention that defendant could be held criminally liable by virtue of section 5—5(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par.

5—5(a)), which makes individuals criminally liable for certain conduct performed on behalf of a corporation.

We begin our analysis by examining the structure of the Act. Section 2 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 441) imposes a tax "upon persons engaged in the business of selling tangible personal property at retail" in the amount of 5% of gross retail receipts. The Act requires such persons to file with the Department of Revenue monthly returns reporting the sales subject to the tax. (Ill. Rev. Stat. 1983, ch. 120, par. 442.) The Act makes it unlawful for any person to engage in the business of selling personal property at retail in Illinois without a certificate of registration from the Department of Revenue. Ill. Rev. Stat. 1983, ch. 120, par. 441a.

In section 1 of the Act, the definitional portion of the statute, "person" is defined to include a variety of entities, including a "natural individual." (Ill. Rev. Stat. 1983, ch. 120, par. 440.) Relying on this provision, the State argues that since defendant is a natural individual, he can be held liable for violating section 13. We find, however, that the definition of "person" in section 1 is not dispositive of the issue before us.

The relevant inquiry is not simply who is a "person," but who is a "person engaged in the business of selling tangible personal property at retail." We agree with defendant that nothing in the provision defining "person" indicates that it is to be given multiple interpretations in connection with a single enterprise. It is well established that a corporation is separate and distinct as a legal entity from its shareholders and officers. (*E.g.*, *Main Bank v. Baker* (1981), 86 Ill. 2d 188, 204.) It is undisputed that corporate officers are not directly liable under the Act for payment of the tax. Yet if the returns are not filed, the State construes "person engaged in the business of selling tangible personal property at retail" to include not only the corporation but also its officers

and shareholders. Such a construction ignores the fundamental distinction between the corporation and its officers and shareholders.

We find persuasive the defendant's contention, with which the appellate court agreed, that a comparison of the penalty provisions of the Act demonstrates that corporate officers cannot be held criminally liable for failure to file returns. The fifth paragraph of section 13 provides in relevant part:

> "When the amount due is $300 or more, any person engaged in the business of selling tangible personal property at retail in this State who files, or causes to be filed, a fraudulent return, *or any officer or agent of a corporation engaged in the business of selling tangible personal property at retail in this State* who files or causes to be filed or signs or causes to be signed a fraudulent return filed on behalf of such corporation, \*\*\* is guilty of a Class 4 felony." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 120, par. 452.

In contrast, the sixth paragraph of section 13, under which defendant was charged, omits the italicized language; it refers only to "any person engaged in" the retail business. Defendant maintains that since the legislature did not include corporate officers or agents in the failure-to-file provision, but specifically provided for criminal liability for corporate officers and agents who file fraudulent returns, the legislature did not intend officers and agents to be criminally liable for the failure of a corporation to file returns.

In *People v. Johnson* (1985), 131 Ill. App. 3d 803, a case squarely on point, the appellate court rejected this precise argument. The court in *Johnson*, without discussion, stated that the foregoing argument "is supported neither by reason nor the language of the Act." (131 Ill. App. 3d at 807.) (The State went even further, stating at oral argument before this court that a comparison of the

penalty provisions in section 13 is "irrelevant" because, it says, defendant's status as a corporate officer is irrelevant.)

We disagree. While the parties have not addressed the point, we can certainly conceive of rational reasons why the legislature intended to cast a wider net for those who file fraudulent returns than for those who fail to file them. And, given the clear difference in wording between the provisions under discussion, we cannot agree that the argument premised on this difference is not supported by the language of the Act. The court in *Johnson* also relied on the definition of "person" in section 1 of the Act, which, for the reasons we have explained, is not dispositive.

We agree with the appellate court in the case at bar that the inclusion of specific language imposing criminal liability on corporate officers and agents for filing fraudulent returns, and the omission of this language from the failure-to-file provision, evince a legislative intent to refrain from imposing criminal liability on corporate officers and agents for the failure of the corporation to file returns. This construction is in accord with the principle that statutes should be construed so that no word or phrase is rendered superfluous or meaningless. (*E.g.*, *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.) If the failure-to-file provision is read as imposing criminal liability on corporate officers and agents, the language specifically imposing such liability on officers and agents for filing fraudulent returns is rendered entirely superfluous.

More importantly, as the appellate court explained, criminal or penal statutes must be strictly construed and may not be extended in their application to cases which do not, by the strictest construction, come under their provisions. (164 Ill. App. 3d at 33-34, citing *People v. Mack* (1985), 133 Ill. App. 3d 788, 794; see also *People v. Lutz* (1978), 73 Ill. 2d 204, 212-13.) Applying this princi-

ple to the provision at issue, we conclude it does not extend criminal liability to corporate officers and agents. Not only does the provision fail to specifically mention officers and agents, but, as we have explained, a comparison of that provision with the fraudulent-returns provision provides ample evidence that the legislature did not intend the result urged upon us by the State.

Defendant submits another persuasive reason why the decision in *Johnson* is incorrect. He contends that the court's interpretation of "person engaged in the business of selling tangible personal property at retail" broadens the coverage of the relevant provision without a basis in statutory language nor limits upon its expansion. He points out that the opinion in *Johnson* appears to limit the application of section 13 to those persons responsible for filing corporate returns who fail to do so, yet there is no basis in the statutory language for such a limitation. Similarly, the State suggests in its brief that whether a corporate officer can be liable will depend on his "corporate duties." At oral argument, the State emphasized that defendant set up the corporation, was its sole shareholder, president and treasurer, and that operating the corporation was his sole occupation. These facts are irrelevant.

First, the State in relying on the foregoing facts again ignores the legal distinction between a corporation and its shareholders and officers. Second, the State fails to delineate exactly when an officer's "corporate duties" will subject him to liability. Would the result differ if, for example, the sole shareholder also operated a second, unrelated business, or held only one corporate office, or the corporation was owned by more than one shareholder? Most importantly, a limitation based on an individual's "corporate duties" is nowhere to be found in the statute. Absent such a limitation, under the construction advanced by the State and adopted by the appellate

court in *Johnson*, any person selling goods at retail for a corporate taxpayer, including a sales clerk, is potentially liable. It is clear that such a result was not intended by the legislature, and the State does not argue otherwise.

We next address the decision of the appellate court in *People v. Floom* (1977), 52 Ill. App. 3d 971, upon which the State relies. In *Floom*, the defendants were corporate officers who refused to permit Illinois Department of Revenue investigators to examine certain books and records. Section 13 of the applicable version of the Act prohibited "[a]ny person engaged in the business of selling tangible personal property at retail" from wilfully violating any rule or regulation of the Department of Revenue. (Ill. Rev. Stat. 1975, ch. 120, par. 452 (first paragraph).) Violation of this provision was a Class B misdemeanor.

In *Floom*, as in the case before us, the entity named on the certificate of registration was a corporation. Defendants argued, as does defendant here, that the certificate of registration controls in determining who is the person engaged in the retail business. The court in *Floom* rejected this argument, concluding that "[a]s chief officers, with decision-making authority, for corporations that sell tangible personal property at retail in Illinois, both [defendants], for purposes of applying section 13, are persons engaged in the defined activities of that section." *Floom*, 52 Ill. App. 3d at 977.

The appellate court in the case at bar disagreed with the *Floom* court's conclusion. The court examined various provisions of the Act and concluded that registered taxpayers (*i.e.*, whoever is named on the certificate of registration) and persons engaged in the business of selling tangible personal property at retail are "one and the same." (164 Ill. App. 3d at 32.) Since Park Town Hall, Inc., and not defendant, was the registered taxpayer, the court continued, defendant cannot be considered a per-

son engaged in the business of selling personal property at retail under the Act. 164 Ill. App. 3d at 32-33.

We find it unnecessary to decide whether the registered taxpayer is the equivalent of "person engaged in the business of selling" at retail for all purposes. It is undisputed in this case that the corporation Park Town Hall, Inc., was a person engaged in the retail business and as such was required to file ROT returns. We hold only that the statutory language "person engaged in the business of selling tangible personal property at retail" as used in the failure-to-file provision of section 13 does not include officers and agents of a corporation which is required under the Act to file returns. Accordingly, defendant cannot be held criminally liable for his failure to file returns on behalf of the corporation.

The State also argues that defendant may be held criminally liable by virtue of section 5—5(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 5—5(a)) and that the appellate court incorrectly interpreted that provision. We disagree.

Section 5—5(a) provides as follows:

> "A person is legally accountable for conduct which is an element of an offense and which, in the name or in behalf of a corporation, he performs or causes to be performed, to the same extent as if the conduct were performed in his own name or behalf." (Ill. Rev. Stat. 1983, ch. 38, par. 5—5(a).)

The committee comments state the provision was intended to make clear "that an individual acting for a corporation is fully responsible for his own criminal acts and is punishable accordingly." (Ill. Ann. Stat., ch. 38, par. 5—5, Committee Comments, at 320 (Smith-Hurd 1972). See *Daleiden v. Wiggins Oil Co.* (1987), 118 Ill. 2d 528, 537 (comments to Illinois statutes often used as a guide in ascertaining legislative intent).) In order for the statute to apply, the individual must have engaged in

conduct which would have been criminal if "performed in his own name or behalf." (Ill. Rev. Stat. 1983, ch. 38, par. 5—5(a).) As the appellate court explained, "[s]ince we have determined that defendant is not a person engaged in the business of selling tangible personal property at retail for purposes of the Act, he could not be subject to any criminal liability for failure to file ROT returns in his own name or on his own behalf." (164 Ill. App. 3d at 33.) Accordingly, section 5—5(a) of the Criminal Code is inapplicable.

The remainder of the State's arguments may be dealt with briefly. The State contends that an important principle of statutory construction ignored by the appellate court is that a term should not be construed as limiting application of a law to those items specifically enumerated where such a construction would override the legislature's intent, citing *People v. Valley Steel Products Co.* (1978), 71 Ill. 2d 408. That is not what our opinion in *Valley Steel Products* says. There we were addressing a particular term, the word "include." *Valley Steel Products* plainly does not set forth a rule of statutory construction, but rather construes a particular word. Indeed, such a rule in the criminal context would be in conflict with the rule requiring strict construction of criminal statutes.

Another rule of statutory construction supposedly ignored by the appellate court concerns statutory amendments. The rule states that when a statute has been amended, the legislature intended to adopt the prior construction given to terms that remain unchanged. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 86.) According to the State, because the legislature amended section 13 after the decision in *People v. Floom* (1977), 52 Ill. App. 3d 971, but left unchanged the term "person," the legislature adopted *Floom*'s interpretation of "person" to include some (but not all) corporate officers.

This argument is disingenuous at best. At the time *Floom* was decided, the relevant provision applied to "any person engaged in the business of selling tangible personal property at retail." It was subsequently amended to read simply "any person." (Compare Ill. Rev. Stat. 1975, ch. 120, par. 452 (first paragraph) with Ill. Rev. Stat. 1985, ch. 120, par. 452 (second paragraph).) True, the word "person" appears in both provisions, but it cannot be said the legislature left the scope of liability intact, as the State maintains. The legislative change undermines, rather than supports, the State's position, since at the very least it shows the legislature did not view the terms "person" and "person engaged in the business of selling tangible personal property" as synonymous.

The State also relies on the sixteenth paragraph of section 5 of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 444), which provides that "[t]he collection of tax or penalty or interest by any means provided for herein shall not be a bar to any prosecution under this Act." The State fails to note, however, that section 5 addresses the failure to file returns by "any person engaged in the business of selling tangible personal property at retail." (See Ill. Rev. Stat. 1983, ch. 120, par. 444 (first and third paragraphs).) Since we have determined that defendant is not such a person, the sixteenth paragraph of section 5 lends no support to the State's position. Defendant cannot be criminally liable under section 13, not because the collection of tax or penalty is a bar to prosecution, but because he does not come within the scope of section 13. Simply put, section 5 cannot operate to impose criminal liability on a person who is not guilty of a criminal offense.

Finally, section 13½ of the Act (Ill. Rev. Stat. 1983, ch. 120, par. 452½) specifically imposes on a corporate officer or employee who has the responsibility of filing

returns and who wilfully fails to file such returns a penalty equal to the total amount of tax unpaid by the corporation, including interest and penalties. As the appellate court noted, this provision provides the State with recourse against officers and agents who wilfully fail to file returns. The State argues that where both the corporation and its officers are without funds, civil penalties are of no avail. Assuming the truth of this statement, it is irrelevant. The State cannot seriously maintain that all statutes that impose only civil penalties are infirm on the ground that it is possible the State may never collect such penalties. We may not read a term into a criminal statute that is not there merely because without it the State may in some situations be unable to enforce the civil sanctions. The State's remedy is the legislative process, not the courts.

For the foregoing reasons, the judgment of the appellate court, reversing the circuit court, is affirmed.

*Judgment affirmed.*