THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD C. RUNNER, Defendant-Appellee.

Fourth District    No. 4—94—0122

Opinion filed September 15, 1994.

442

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Martin L. O'Connor, of Fleming, Messman & O'Connor, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On February 17, 1993, defendant Richard C. Runner was charged by information in the circuit court of McLean County under section 12 of the Illinois Purchasing Act (Act) with violations of sections 4, 5, and 6 of the Act (Ill. Rev. Stat. 1989, ch. 127, pars. 132.12, 132.4, 132.5, 132.6) alleging improprieties in regard to the procurement of a contract by Illinois State University (ISU). On January 25, 1994, the circuit court allowed a motion to dismiss a fourth-amended complaint. The State has appealed pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). We reverse.

Section 12 of the Act provides that, except as otherwise stated therein, "whoever violates this Act or the rules and regulations adopted in pursuance of it shall be guilty of a Class A misdemeanor." (Ill. Rev. Stat. 1989, ch. 127, par. 132.12.) The provisions of the Act alleged to have been violated were (1) section 5 requiring contracts for expenditure of funds to be made according to rules adopted (Ill. Rev. Stat. 1989, ch. 127, par. 132.5); (2) section 6 generally requiring award to the best bid (Ill. Rev. Stat. 1989, ch. 127, par. 132.6); and (3) section 4 requiring advertisement for bids (Ill. Rev. Stat. 1989, ch. 127, par. 132.4) all occurring between April 1990 and October 1990.

Each count alleged that defendant "knowingly in his capacity as Assistant Vice-President for Physical Planning and Operations at

[ISU], authorized and caused [ISU] to enter into a contract requiring the expenditure of funds for an [ISU] renovation project [describing it] without first" complying with the various sections of the Act we have previously described.

The major thrust of defendant's theory arises from section 3 of the Act, which defines the terms "State agency" and "person" in the following manner "unless the context otherwise requires":

"a. 'State agency' means and includes all officers, boards, commissions and agencies created by the Constitution, whether in the executive, legislative or judicial branch, but other than the circuit court; all officers, departments, boards, commissions, agencies, institutions, authorities, universities, bodies politic and corporate of the State; and administrative units or corporate outgrowths of the State government which are created by or pursuant to statute, other than units of local government and their officers, school districts and boards of election commissioners; all administrative units and corporate outgrowths of the above and as may be created by executive order of the Governor. However, 'State agency' does not include the Illinois Comprehensive Health Insurance Board.

b. 'Person' means and includes any individual, firm, corporation, association or unit." Ill. Rev. Stat. 1989, ch. 127, pars. 132.3(a), (b).

Clearly, despite the fact that defendant is alleged to be an officer of a State agency, with power to contract, he is a "person" and not a "State agency" within the meaning of the Act. All of the sections of the Act which defendant is charged with criminally violating speak in terms of violations by the agency rather than by a person. Section 4 of the Act states "[n]o purchases, contracts *** shall be entered into, or made by any State agency, unless" certain notice by publication is given. (Ill. Rev. Stat. 1989, ch. 127, par. 132.4.) Section 5 of the Act states: "[a]ll purchases, contracts *** by any State agency shall be in accordance with" certain rules (Ill. Rev. Stat. 1989, ch. 127, par. 132.5). Section 6(a) of the Act requires that "all purchases, contracts and expenditure of funds shall be awarded to the lowest responsible bidder" (Ill. Rev. Stat. 1989, ch. 127, par. 132.6(a)). Accordingly, defendant maintains that the admonitions are directed entirely to the State agency and not to the persons who operate those agencies. However, this interpretation would provide for punishing State agencies in regard to which violations of the Act occur while the officers and agents responsible for that conduct go free. Such a legislative intent is very unlikely.

The closest analogy to the instant situation and the closest supreme court case concerning the issues here is that of *People v. Parvin* (1988), 125 Ill. 2d 519, 533 N.E.2d 813. There, the president

and sole shareholder of a corporation operating a restaurant was convicted of a violation of section 13 of the Retailers' Occupation Tax Act (Retailers' Act), which stated in part that "[w]hen the amount due is $300 or more, *any person engaged* in the business of selling tangible personal property at retail in this State who fails to file a return *** is guilty of a Class 4 felony" (emphasis added) (Ill. Rev. Stat. 1983, ch. 120, par. 452). The supreme court affirmed an appellate court decision (*People v. Parvin* (1987), 164 Ill. App. 3d 29, 517 N.E.2d 663) which had reversed the conviction.

The *Parvin* court explained first that the corporation, rather than the defendant, was the entity which was selling at retail within the meaning of section 13 of the Retailers' Act. The court then noted that another paragraph of section 13 provided that "any *officer* or *agent* of a corporation" covered under the Retailers' Act who filed a fraudulent return under the Retailers' Act was guilty of a Class 4 felony. (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 120, par. 452.) The court concluded that if the legislature had intended for an officer or agent of a corporation to also be criminally liable for *failure* to file a return, the legislation would have so stated specifically. (*Parvin*, 125 Ill. 2d at 526, 533 N.E.2d at 815-16.) Finally, that court explained that section 13¹/₂ of the Retailers' Act (Ill. Rev. Stat. 1983, ch. 120, par. 452¹/₂) provided for a civil penalty for corporate officials responsible for filing Retailers' Act tax returns who wilfully fail to do so. The *Parvin* opinion overruled the decision of the Fifth District Appellate Court in *People v. Johnson* (1985), 131 Ill. App. 3d 803, 476 N.E.2d 56, which permitted prosecution of corporate officers responsible for Retailers' Act tax returns who failed to file them.

Here, unlike in *Parvin* and under the Retailers' Act, no provision under the Act otherwise covers misconduct of officers of State agencies with regard to violations of section 4, 5, or 6. Actually, finding any individual conduct, required or prohibited under the Act, subject to section 12 of the Act is difficult if the conduct of the persons in charge of the State agency covered by the various provisions of the Act is not covered by section 12 of the Act. Sections 10.1, 10.2, 11.1, 11.2, 11.3, and 11.4 of the Act (Ill. Rev. Stat. 1989, ch. 127, pars. 132.10—1, 132.10—2, 132.11—1, 132.11—2, 132.11—3, 132.11—4) all contain requirements directed to persons or prohibitions imposed against persons, but each provides its own penalty, which is consistent with the wording in section 12 of the Act which provides that penalties may be otherwise set forth in the Act. Section 9.04 of the Act (Ill. Rev. Stat. 1989, ch. 127, par. 132.9d) does require "any person" contracting with a State agency to do consulting services to state in the contract information concerning his use of a subcontractor. However, we are aware of no provision of the Act which speaks

in terms of requirements or prohibitions specifically imposed on "persons" which does not contain a specific penalty provision for violations. Thus, no implication arises here that, if the legislature intended a responsible officer of a State agency to be criminally liable for violations of sections 4, 5, or 6, the legislature would have so stated specifically.

The *Parvin* opinion also considered section 5—5(a) of the Criminal Code of 1961 (Code) which then, as now, stated:

> "A person is legally accountable for conduct which is an element of an offense and which, in the name or in behalf of a corporation, he performs or causes to be performed, *to the same extent as if the conduct were performed in his own name or behalf.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 5—5(a).)

The court reasoned that criminal liability there could not be imposed upon that defendant, because that defendant was not, himself, selling at retail and could not be subject to the Retailers' Act. (*Parvin*, 125 Ill. 2d at 529, 553 N.E.2d at 817.) By the same reasoning, the defendant here could not be criminally liable under section 5—5(a) of the Code, because if he were entering into contracts on his own, he would not be subject to the Act. However, reliance upon the Code is not necessary if the Act imposes criminal liability under the circumstances alleged.

The *Parvin* court also relied upon the rule that criminal or penal statutes should be strictly construed. (*People v. Lutz* (1978), 73 Ill. 2d 204, 212-13, 383 N.E.2d 171, 174.) We recognize that rule, but we find vast differences between the statutory scheme under the Retailers' Act construed in *Parvin* and the Act. There, section 13 of the Retailers' Act had much reason for existence without extending it to the conduct in question, and other provisions of the Retailers' Act negated intent to cover corporate officers who failed to make filings. Here, little, if any, other reason exists for section 12 of the Act, and no other provision of the Act indicates the General Assembly did not intend coverage. Corporate agents of an entity subject to criminal liability can be held criminally liable for conduct giving rise to criminal liability of the entity. (1 W. LaFave & A. Scott, Substantive Criminal Law § 3.10(e), at 373-76 (1986).) The required mental state is implied under section 4—3(b) of the Code. Ill. Rev. Stat. 1989, ch. 38, par. 4—3(b).

For the reasons stated, we reverse the order dismissing the amended charge and remand for further proceedings.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.