THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN BOHNE, Defendant-Appellee (Imperial Crane Services, Inc., Defendant).

First District (4th Division)    No. 1—99—1515

Opinion filed March 23, 2000.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Courtney D. Carter, Assistant Attorneys General, of counsel), for the People.

Winston & Strawn, of Chicago (Steven F. Molo and Peter J. Kocoras, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The State appeals from orders of the circuit court granting John Bohne's motion to dismiss the indictment returned against him and denying its motion for reconsideration. For the reasons that follow, we affirm.

Bohne and Imperial Crane Services, Inc. (hereinafter referred to as Imperial), a corporation of which Bohne was the president, were charged in an 11-count indictment with failing to file use tax returns with the Illinois Department of Revenue in violation of section 10 of the Use Tax Act (35 ILCS 105/10 (West 1994)). Four of the counts were filed solely against Bohne, and the remaining seven counts were filed against both Bohne and Imperial. According to the indictment, Imperial purchased a number of cranes in the State of Illinois for which it was required to pay Illinois use tax. The indictment goes on to allege that Imperial failed to file the applicable use tax returns and that Bohne aided and abetted Imperial in failing to file those returns.

Bohne, arguing that an officer of a corporation cannot be found criminally liable for the corporation's failure to file a use tax return, moved to dismiss each count of the indictment as to him. The trial court granted the motion and denied the State's subsequent motion for reconsideration. This appeal followed.

■ Section 10 of the Use Tax Act provides that one who purchases tangible personal property, other than a motor vehicle or aircraft, for use in this state and does not pay a use tax to the retailer from which the property was purchased must file a use tax return with the Illinois Department of Revenue and pay the applicable tax by the last day of the month following the month in which the purchase was made. 35 ILCS 105/10 (West 1994). The statute goes on to provide that any individual or corporation (see 35 ILCS 105/2 (West 1994) (definition of person)) subject to its provisions that fails to file a use tax return is guilty of a Class 3 felony if the amount of the tax due is $300 or more. 35 ILCS 105/14 (West 1994). The State candidly admits, however, that the Use Tax Act does not impose criminal liability upon the officers or agents of a corporation for the corporation's failure to file a use tax return. See 35 ILCS 105/14 (West 1994); *People v. Parvin*, 125 Ill. 2d 519, 533 N.E.2d 813 (1988).

Each count of the indictment in this case alleges that Imperial was the purchaser and user of the cranes involved. None of the counts allege that Bohne was either a purchaser or user of any of the cranes. Rather, each of the counts contains the allegation that Bohne, "with the intent to facilitate the commission of the offense[,] *** aided and abetted Imperial Crane Services, Inc. in failing to file" use tax returns. Although the State readily concedes that Bohne could not have committed the offenses charged in the indictment since he was neither the purchaser nor the user of the cranes, it argues that he can be charged and convicted of the offenses under the theory of accountability and that the trial court, therefore, erred in granting Bohne's motion to dismiss.

■ A person may be legally accountable for the conduct of another when, "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he *** aids [or] abets *** such other person in the planning or commission of the offense." 720 ILCS 5/5—2(c) (West 1994). However, unless the statute defining the offense provides otherwise, a person may not be held accountable for the conduct of another when the offense involved is "so defined that his conduct was inevitably incident to its commission." 720 ILCS 5/5—2(c)(2) (West 1994).

Bohne argues that his failure to file use tax returns on behalf of Imperial was inevitably incident to Imperial's failure to file and that he, therefore, cannot be held legally accountable for Imperial's failure to file. The State's counterargument is summed up in the following passage from its brief:

> "[T]he offense of failing to file a Use Tax Return, by its definition, does not require the acts of more than one person. *** There

is no language in the statute defining the offense of failing to file a Use Tax Return that suggests a concert of action by more than one person. Given the above, Defendant's conduct of failing to file a return, clearly, is not inevitably incident to Imperial's failure to file a return. Therefore, the exception contained in subsection (c)(2) does not apply in this circumstance."

In support of its position, the State relies heavily upon the decision of our supreme court in *People v. Isaacs*, 37 Ill. 2d 205, 224-25, 226 N.E.2d 38 (1967). That portion of the *Isaacs* opinion dealing with accountability draws a distinction between penal statutes defining offenses which may be committed by a single participant and those defining offenses the commission of which requires the acts of more than one participant. *Isaacs*, 37 Ill. 2d at 224. The *Isaacs* court held:

"With regard to the former type of penal statute, there may be accountability, but with regard to the latter type of penal statute, there can be only primary participation, and there is responsibility only when the latter type of penal statute specifically provides responsibility against all participants." *Isaacs*, 37 Ill. 2d at 224-25.

*Isaacs* was decided, in pertinent part, in the context of a criminal prosecution for an offense that by its terms could only have been committed by an individual acting in collusion with another. The State contends that the failure to file a use tax return requires the actions of only one party and that, as such, it is a crime for which one may be held accountable. We agree with the State that the failure to file a use tax return is an offense that may conceivably be committed by a single party. When an individual, as the purchaser and user of tangible personal property, is required to file a use tax return, clearly he is capable of committing the offense of failure to file, independent of the acts or omissions of any other person or entity. The offense for which the State seeks to hold Bohne accountable, though, was committed by a corporation. When the purchaser and user of tangible goods is a corporation, the commission of the offense of failure to file a use tax return is dependent upon the omissions of the corporation's officers and agents.

■ Simple logic tells us that a corporation can only act or fail to act by and through its agents. If logic is not sufficiently compelling on this point, reference to our criminal code certainly supports the notion in the context of corporate criminal responsibility. Section 5—4 of the Criminal Code of 1961 provides:

"A corporation may be prosecuted for the commission of an offense if, but only if:

(1) *** [A]n agent of the corporation performs the conduct which is an element of the offense while acting within the scope of his or her office or employment and in behalf of the corporation ***; or

(2) The commission of the offense is authorized, requested, commanded, or performed, by the board of directors or by a high managerial agent who is acting within the scope of his or her employment in behalf of the corporation." 720 ILCS 5/5—4(a) (West 1994). If a corporation may be prosecuted for an offense only when the conduct forming the basis of the offense is performed, authorized, requested, or commanded by one of its agents, then it follows that the actions of the agent are inevitably incident to the corporation's commission of the offense. When, as here, a corporation is charged with an offense by reason of an omission, the failure to act on the part of its officers and agents is necessarily incident to the corporation's failure to act and, consequently, the officers and agents cannot be held liable on a theory of accountability absent a statute to the contrary.

■ For these reasons, we believe that the trial court properly granted Bohne's motion to dismiss. Our conclusion in this regard is further supported by the fact that the legislature, for whatever reason, chose not to make corporate officers criminally responsible for a corporation's failure to file a use tax return. 35 ILCS 105/14 (West 1994). Such criminal responsibility on the part of corporate officers is, however, provided for a corporation's failure to file other types of tax returns. See 35 ILCS 120/13 (West 1994). For us to hold that Bohne can be held accountable for Imperial's failure to file a use tax return would have the anomalous effect of creating an offense on the part of a class of participants that the legislature chose not to hold criminally responsible.

Affirmed.

SOUTH and BARTH, JJ., concur.